**CLAIR RECREATION CENTER, INC., et al., Plaintiffs, Appellants,**

**v.**

**Raymond L. FLYNN, etc., et al., Defendants, Appellees.**

**Nos. 89–1678, 89–1832.**

United States Court of Appeals, First Circuit.

Heard Jan. 9, 1990.

Decided March 6, 1990.

[redacted]

Loyd M. Starrett with whom Charles B. Straus, III, Steven M. Sayers and Fordham & Starrett were on brief for plaintiffs, appellants.

James D. Rose with whom Boston Rent Equity Board was on brief for defendants, appellees.

Jay David Rose, Margaret F. Turner, James M. McCreight, and Greater Boston Legal Services on brief for Massachusetts Tenants Organization, amicus curiae.

Before TORRUELLA, ALDRICH and CYR, Circuit Judges.

BAILEY ALDRICH, Senior Circuit Judge.

[redacted] On this appeal from dismissal "on ground that complaint fails to state a claim upon which relief can be granted" of a complaint involving, at least indirectly, a host of procedural and substantive matters,

defendants appellees have cited to us, in addition to sections of the United States and Massachusetts constitutions, 145 court decisions, 22 Massachusetts statutes, acts and resolves, and 13 Federal Civil Rules. Although the court dismissed for plaintiffs' failure to state a claim, defendants start their brief with four pages, under the heading, "Dismissal Was Appropriate Where Clair Failed to File a Timely Opposition or an Amended Complaint," the sole burden which is the passage of time, with no suggestion of prejudice. It is, of course, true that a decision can be affirmed if other grounds would support the result. Dismissal as a sanction, however,—dismissal being the ultimate one, *Richman v. General Motors Corp.*, 437 F.2d 196, 200 (1st Cir. 1971)—requires the exercise of sound judicial discretion. Under no circumstance could we affirm on the basis of a discretion that the court did not exercise. We would be less than candid if we did not state that commencing a brief with such an argument colors our approach to the rest. We add that wholesale, indiscriminate, citations, as if we had no other case on our docket, does not increase one's welcome.

With respect to the court's allowance of the motion to dismiss on the merits, some background is in order. Plaintiffs are the owners of a tract of land in Boston known as the Boston Trailer Park. Plaintiffs operate it for resident, as distinguished from transient, individually owned mobile homes; some 160 of them. Finding the combined rentals to fall short, by some $15,000 monthly, of allegedly unavoidable operating and maintenance expense, plaintiffs sought to raise the rentals, only to be blocked by a number of municipal obstacles, some newly created. Overcome, plaintiffs brought this action against certain municipal officers, with a 43 page complaint, exclusive of exhibits, containing, according to defendants' analysis, six principal claims. The complaint was filed on August 31, 1988. After obtaining extensions of time, defendants, on November 7,

1988, filed a motion, accompanied by a 52 page memorandum, asserting that the complaint should be dismissed for failure to join indispensable parties; that there should be abstention, and that the complaint should be dismissed for failure to state a claim. There followed, on November 10, a pretrial conference. Plaintiffs stated they wished to file an amended complaint, dropping some matters and recasting others, and adding parties pursuant to defendants' motion. They suggested this might render the motion to dismiss moot, and set the stage for a motion for summary judgment, and asked that filing opposition to the motion to dismiss be postponed, awaiting the amended complaint. The court agreed. Plaintiffs stated they hoped to amend within 30 days. On December 8 plaintiffs obtained a written stipulation, which they filed with the court, extending the time to move to amend for two additional weeks. This proved insufficient, and plaintiffs obtained a somewhat open-ended extension from defendants, without, however, notifying the court.

This omission was a serious fault. Quite apart from the matter of consent, a court, in the interest of controlling its docket, is concerned with status. Even if that concern may not be active at any particular moment, the information should always be of record. This failure started the ball rolling in the wrong direction. Unfortunately, the court made assumptions that it need not have made, and, on May 2, having reviewed the complaint that plaintiffs had once said they did not intend to rely on, it endorsed the motion, allowed on the ground that the complaint failed to state a claim. The court gave no reasons. Thereafter, on May 10, plaintiffs filed a motion for leave to file an amended complaint, accompanied by a copy thereof and an affidavit explaining the cause for the delay, and a memorandum of law. In spite of this pending motion, the clerk, on May 11, entered judgment for defendants.[1] On May 16, the court denied plaintiff's motion in a

---

1. This presented, initially, a question of whether plaintiffs' appeal was properly before us, but that matter has been resolved by their filing a second one.

handwritten notation: "Motion For Leave to File *Amended* Complaint is *denied.* Complaint was dismissed on May 2, 1989." (Emphasis original).

■ Apart from the pretrial understanding, and the file, it would have been natural, as well as proper, for the court to have proceeded to resolve the motion to dismiss without notice, if it so chose. *Desio Rabal Pinto v. Universidad de Puerto Rico,* 895 F.2d 18 (1st Cir.1990); Mass.Dist. Court Rule 17(e). But while plaintiffs are to blame for leaving the docket open, it did give notice that plaintiffs had once intended an amendment. A telephone inquiry to counsel by the clerk would have revealed whether plaintiffs had abandoned their plan to amend, or were merely dilatory, or had, perhaps, abandoned the case altogether.

We note this particularly because passing on the merits was necessary, and was not a pro forma matter. This was a highly complex complaint, with no conspicuous flaw, and defendants had filed an extensive memorandum. Any review of a motion to dismiss would have had to have taken place within the confines of our ruling in *Walgren v. Howes,* 482 F.2d 95, 99 (1st Cir. 1973), where we said,

> We cannot emphasize enough the rule that a court should not dismiss a complaint under 12(b)(6) 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' *Conley v. Gibson,* 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

And for us to review the correctness of a dismissal in so complex a matter, we should normally have before us the reasoning of the district court, which, regrettably, we lack in this instance.

The court went on to reject a filed amendment and explanation, noting simply that the court had already ruled on the original complaint. There followed an appeal to us on purely procedural maneuvers, based upon what was done, and what, allegedly, should have been done, motionwise, as a result of the premature entry of judgment. Defendants would put great weight on this. Substantively, however, the appeal was "mere technicalities," *Foman v. Davis,* 371 U.S. 178, 181, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962), that accomplished nothing; the record stood on the court's laconic denial.

Putting this all together, while the district court has wide discretion, we believe it should have allowed the amendment. We can find no prejudice here, and no good reason shown why plaintiffs should not be allowed to proceed with their case. Again, there was no evident flaw in their proposed amended complaint. What we said in *Richman,* ante, bears repeating.

> [T]he power of the court to prevent undue delays must be weighed against the policy of the law favoring the disposition of cases on their merits.

And, again, see *Colmenares Vivas v. Sun Alliance Ins. Co.,* 807 F.2d 1102, 1108 (1st Cir.1986). We can not think plaintiffs have had a fair shake.

In ordering the allowance of the amendment we do not pass upon its merits. This is initially for the district court, and, particularly not our function where plaintiffs have suggested that the next move is probably a motion for summary judgment. We do, however, suggest, without deciding, that defendants' motion to abstain has no conspicuous merit.

*The judgment of dismissal is reversed. The motion to amend is to be allowed.*