# United States Court of Appeals
## For the First Circuit

No. 12-1131

JOSEPH DELONG,

Petitioner, Appellant,

v.

THOMAS DICKHAUT,

Respondent, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. William G. Young, U.S. District Judge]

Before

Thompson, Circuit Judge,
Souter,* Associate Justice,
and Stahl, Circuit Judge.

Charles W. Rankin, with whom Michelle Menken and Rankin &
Sultan were on brief, for appellant.
Jennifer L. Sullivan, Assistant Attorney General, with whom
Martha Coakley, Attorney General, was on brief, for appellee.

May 6, 2013

---

* The Hon. David H. Souter, Associate Justice (Ret.) of the
Supreme Court of the United States, sitting by designation.

**PER CURIAM.** Before this Court on appeal is the dismissal of Petitioner Joseph DeLong's 28 U.S.C. § 2254 federal habeas corpus petition. After careful review, we remand to the district court. We begin by outlining the procedural posture of DeLong's case.

DeLong was convicted by a jury in Massachusetts state court on two indictments charging him with unarmed robbery, and sentenced to concurrent terms of fifteen to twenty years' imprisonment. DeLong filed a motion for a new trial, alleging ineffectiveness of trial counsel and requesting an evidentiary hearing; he later filed an amended motion claiming newly discovered evidence--a surveillance tape and still photographs--was exculpatory and warranted a new trial, or at minimum an evidentiary hearing on his motion. The court denied DeLong's motion for a new trial, finding the evidence was reasonably discoverable at the time of trial. DeLong appealed the judgments and the denial of his motion for new trial.

The Massachusetts Appeals Court affirmed the convictions but found DeLong had made an adequate showing to warrant an evidentiary hearing on the newly discovered photographic and video evidence. The Appeals Court remanded the matter to the trial court for an evidentiary hearing. Following the evidentiary hearing, the trial court again denied the motion for a new trial; DeLong appealed and the Appeals Court subsequently affirmed. DeLong then

sought further appellate review of his motion for a new trial with the Massachusetts Supreme Judicial Court (SJC), arguing ineffective assistance of counsel and violations of his right to due process. The SJC denied his application. DeLong applied again to the SJC for further appellate review of the Appeals Court's affirmance of his convictions, arguing ineffective assistance of counsel, denial of his right to fair trial, and reversible error. The SJC also denied this request.

DeLong then filed, pro se, a 28 U.S.C. § 2254 federal habeas corpus petition in the U.S. District Court of Massachusetts. His petition raised claims of ineffective assistance of counsel and violations of his right to due process.[1] On November 14, 2011, respondent Thomas Dickhaut moved for dismissal on the ground that DeLong's petition contained unexhausted claims. Although the parties disagree as to precisely which claims were exhausted, it is undisputed that some claims in DeLong's habeas petition had not been previously raised before the Massachusetts state courts.

On November 30, 2011, the district court granted Dickhaut's motion in an electronic order, which stated only: "Motion allowed. This case is dismissed as it contains both exhausted and unexhausted claims. Ros[e] v. Lundy, 455 U.S. 509,

_____

[1] DeLong also moved for appointment of counsel, but this motion was denied.

-3-

518-519 (1982) . . . ." The case was dismissed on December 1, 2012.

On December 21, 2012, the district court received from DeLong a handwritten motion for extension of time to oppose respondent's motion to dismiss, dated December 1, 2012. The district court denied his motion as moot, as the case had already been dismissed. DeLong then sent a handwritten notice of appeal listing the denial of his motion for extension of time and the order denying this motion as moot, dated December 28, 2011. He mistakenly sent his appeal to this court, which we received on January 3, 2012, and transmitted to the district court. The notice of appeal was docketed by the district court clerk as an appeal from both the district court's order denying the motion for extension of time and the order dismissing the case. DeLong also sent a letter to the clerk of the district court, dated December 28, 2011, stating he had not received any notification from the court regarding the dismissal of his case and requesting any written decisions or rulings in his case.

On February 1, 2012, this court ordered the district court to issue or deny a certificate of appealability (COA) for its final order, which the district court ultimately denied stating, "this appeal would be frivolous." DeLong then sought and was granted by this court a COA to appeal from the dismissal of his mixed habeas petition on the ground he was not given the option to

delete his unexhausted claims and proceed only with his exhausted claims. We now review the district court's dismissal of DeLong's § 2254 petition.

## I. Jurisdiction

We first need to address the preliminary issue of jurisdiction. Specifically, Dickhaut challenges our jurisdiction in this matter, arguing DeLong failed to file an appropriate notice of appeal to the district court's dismissal of his case. Recall, if you will, that on December 28, DeLong filed a handwritten notice of appeal. In this notice, DeLong stated his appeal consisted of the district court's denial of his motion for extension of time, ruling the motion denied as moot. It is Dickhaut's position that even though DeLong's notice may have properly evidenced an intention to appeal the district court's denial of his motion for extension of time, it did not properly appeal the December 1 order dismissing his habeas petition. DeLong counters that his December 28 notice of appeal adequately evidenced an intention to appeal all adverse rulings of the district court, including the dismissal of his case, and was timely filed. In order to determine if we have jurisdiction to entertain this appeal we must determine whether DeLong's notice of appeal was timely filed and provided sufficient indication of his intention to appeal the district court's December 1 dismissal of his petition. See Campiti v. Matesanz, 333 F.3d 317, 319-20 (1st Cir. 2003).

-5-

We first address whether DeLong's notice was timely filed. The district court dismissed DeLong's habeas petition on December 1, 2011 and DeLong's notice of appeal was not docketed until January 3, 2012, more than thirty days later, ordinarily considered untimely. Fed. R. App. P. 4(a)(1)(A). However, under the "prison mailbox" rule, an inmate confined in a correctional institution may file a notice of appeal by depositing it in the institution's internal mail system on or before the last day of filing. Fed. R. App. P. 4(c)(1). "Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746" that "set[s] forth the date of deposit and state[s] that first-class postage was prepaid." Id. DeLong dated his notice of appeal December 28, 2011, and sent it along with an affidavit (which he swore was true under penalty of perjury) and a certificate of service that stated the notice was mailed by first-class mail, postage prepaid. Applying the "prison mailbox" rule, we deem the notice of appeal filed on December 28, 2011, the date DeLong deposited it in prison mail system, which was within thirty days of the December 1 dismissal of his case. Thus, we hold DeLong's filing was timely. See United States v. Correa-Torres, 326 F.3d 18, 21-22 (1st Cir. 2003).

Having found the filing timely, we turn next to the content of DeLong's appeal. A notice of appeal must "designate the judgment, order, or part thereof being appealed." Fed. R. App. P.

3(c)(1)(B).  We construe this rule liberally, and consider the notice in the context of the record in its entirety to ascertain whether petitioner's intent to appeal was "sufficiently manifest." See Markel Am. Ins. Co., v. Díaz-Santiago, 674 F.3d 21, 26 (1st Cir. 2012).  But liberal construction does not excuse noncompliance with Rule 3, which "is fatal to an appeal."  Smith v. Barry, 502 U.S. 244, 248 (1992).

Here, DeLong's notice of appeal challenges the district court's order denying his motion for extension of time as moot, a ruling based on the prior dismissal of his case.  We examine DeLong's notice of appeal in the context of the record as a whole and note that the letter he sent to the district court clerk along with the notice clearly referenced the December 1 dismissal of his case.  See Markel Am. Ins. Co., 674 F.3d at 26.  DeLong's letter explained he was not aware of the dismissal of his case until December 27, when he received the denial of his motion for extension of time as moot.  We find DeLong's notice of appeal "plainly evidences an intention to appeal" the district court's entire order, which specifically mentioned the motion for extension of time and indirectly referenced the dismissal of his case.  See Campiti, 333 F.3d at 320.  Although the notice does not directly cite the December 1 order, Rule 3 "buttressed by latitude for a pro se litigant forgives . . . 'informalit[ies] of form.'"  Id. (alteration in original)(quoting Fed. R. App. P. 3(c)(4)).  We

conclude DeLong's intent to appeal the dismissal of his case was sufficiently manifest.

Having determined DeLong timely filed a notice that plainly evidenced his intent to appeal, this court has jurisdiction.

## II. Dismissal of the Mixed Petition

We now direct our attention to the district court's dismissal of DeLong's petition, which we review for abuse of discretion. Nowaczyk v. Warden, N.H. State Prison, 299 F.3d 69, 74-75 (1st Cir. 2002). Respondent argues a district court has authority to dismiss a habeas petition containing both exhausted and unexhausted claims outright, and doing so is not an abuse of discretion. DeLong counters that although district courts retain discretion to summarily dismiss mixed petitions, that practice is disfavored in this circuit.

Prior to Congress' enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEPDA), the Supreme Court held a federal district court must dismiss mixed habeas petitions containing both exhausted and unexhausted claims. Lundy, 455 U.S. at 522. Petitioners who submit mixed petitions are entitled to resubmit a petition with only exhausted claims, or to exhaust the remainder of their claims. Id. at 520.[2] We have held that where

---

[2] This "total exhaustion" requirement directed federal courts to dismiss mixed petitions without prejudice so petitioners could return to federal court after exhausting their state law claims.

a petition is deemed mixed, the best practice is for the district court to give the petitioner an opportunity to dismiss the unexhausted claims. Clements v. Maloney, 485 F.3d 158, 168-69 (1st Cir. 2007). And then, if the petitioner declines to dismiss the unexhausted claims, "the district court should dismiss the entire petition without prejudice." Id. at 169. We have recommended that district courts advise petitioners of the option, under Lundy, to abandon any unexhausted claims and consider this the "wiser practice." Neverson v. Farquharson, 366 F.3d 32, 43 (1st Cir. 2004).

A district court also has the option to stay the mixed petition and hold it in abeyance while the petitioner exhausts the unexhausted claims, then lift the stay and adjudicate the petition once all claims are exhausted.[3] Rhines, 544 U.S. at 275-76. But "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to

---

Lundy, 455 U.S. at 520. The Supreme Court imposed this requirement fourteen years before Congress enacted AEDPA, at a time when there was no statute of limitations on the filing of a habeas petition. Rhines v. Weber, 544 U.S. 269, 274 (2005).

[3] Congress included in AEDPA the "total exhaustion" requirement as well as a one-year statute of limitations for filing exhausted claims in a federal habeas petition. 28 U.S.C. §§ 2254(b)(1)(A), 2244(d). To address the problems posed by the interplay of these two provisions, the Supreme Court approved the "stay and abeyance" procedure, noting that under AEDPA, petitioners who bring mixed petitions "run the risk of forever losing their opportunity for any federal review of their unexhausted claims." Rhines, 544 U.S. at 275.

exhaust" and even so, it would be an abuse of discretion for the district court to grant a stay when the "unexhausted claims are plainly meritless."[4]  Id. at 277.

Here, respondent moved to dismiss the case, relying on Lundy to argue a habeas corpus petition should be dismissed where it contains both exhausted and unexhausted claims.  Without giving DeLong the opportunity to delete his unexhausted claims, the district court granted respondent's motion and dismissed the case, stating: "This case is dismissed as it contains both exhausted and unexhausted claims."  This brief order cited only Lundy and included no explanation of the court's basis for dismissal.

It is undisputed that DeLong presented a mixed habeas petition to the district court, although there is some disagreement as to which claims are unexhausted.  While we recognize that the district court could not have adjudicated DeLong's mixed petition as presented and had discretion to dismiss the petition, the best practice would have been to allow DeLong to delete his unexhausted claims, rather than summarily dismiss his petition.  See Clements, 485 F.3d at 168-69.  And although the district court also had discretion to dismiss the mixed petition instead of granting a stay

_____

[4] In contrast, it would likely be an abuse of discretion for a district court to dismiss a mixed petition instead of granting a stay where: there is good cause for the failure to exhaust; the "unexhausted claims are potentially meritorious"; and there is no indication of "intentionally dilatory litigation tactics" by the petitioner.  Rhines, 544 U.S. at 278.

and abeyance, dismissal would have been an abuse of discretion unless the unexhausted claims were clearly meritless.  See Rhines, 544 U.S. at 278.

On the record before us, it is unclear whether the court evaluated the unexhausted claims and deemed them meritless or simply followed the respondent's argument for dismissal under Lundy.  We must be able to figure out what the district court judge found and the basis for the findings to the extent necessary to permit effective appellate review.  See United States v. Van, 87 F.3d 1, 3 (1st Cir. 1996).  We cannot do that here, given that the district court's order includes no indication of the basis for dismissal.  Under no circumstance could we affirm the district court's dismissal "on the basis of a discretion the court did not exercise."  Clair Recreation Ctr. v. Flynn, 897 F.2d 623, 624 (1990).  And so we see no choice but to vacate and remand the case to the district court for reconsideration of its decision in light of this opinion.  See United States v. Medina, 167 F.3d 77, 80 (1st Cir. 1999).  No costs are awarded.