# United States Court of Appeals
## For the First Circuit

No. 15-1449

UNITED STATES OF AMERICA,

Appellee,

v.

EMMANUEL ZAYAS-ORTIZ,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. José A. Fusté, U.S. District Judge]

Before

Howard, Chief Judge,
Stahl and Kayatta, Circuit Judges.

Patricia A. Garrity, Research and Writing Specialist, Eric A. Vos, Federal Public Defender, and Vivianne M. Marrero-Torres, Supervisory Assistant Federal Public Defender, on brief for appellant.
Nelson Pérez-Sosa, Assistant United States Attorney, Chief, Appellate Division, Susan Z. Jorgensen, Assistant United States Attorney, and Rosa Emilia Rodriguez-Velez, United States Attorney, on brief for appellee.

December 11, 2015

**STAHL**, <u>**Circuit Judge**</u>.    Following an amendment to the United States Sentencing Guidelines, Defendant-Appellant Emmanuel Zayas-Ortiz filed a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c).    The motion was opposed by the United States and the probation officer.    The district court denied the motion with a short form order.    The defendant now appeals.    We affirm.

## I.  Facts & Background

On December 12, 2005, Emmanuel Zayas-Ortiz ("Zayas") was charged, along with sixty-five co-defendants, with knowingly and intentionally conspiring, combining, confederating, and agreeing to possess, with intent to distribute, controlled narcotics; specifically, five kilograms or more of cocaine, fifty grams or more of cocaine base, and one kilogram or more of heroin.    Zayas eventually entered into a plea agreement with the United States, which stipulated, <u>inter alia</u>, that Zayas was one of the drug trafficking operation's leaders, that Zayas was an "enforcer" and owned "drug points" where the illicit products were sold, and that Zayas possessed a firearm in the course of the offense.

Consistent with this agreement, the parties recommended the following sentencing calculations under the

United States Sentencing Guidelines Manual ("U.S.S.G." or "the guidelines"): Zayas would receive a base offense level of thirty-eight for violations of 18 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. Pursuant to U.S.S.G. § 3B1.1, Zayas would receive a two-level enhancement for his leadership role in the conspiracy, and, pursuant to U.S.S.G. § 2D1.1, he would receive another two-level enhancement for the use of firearms within the conspiracy. These increases would be partially offset by a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a) and (b), resulting in a total adjusted offense level of thirty-nine and yielding an imprisonment range of 262 to 327 months. The parties agreed to recommend a term of imprisonment of 264 months. The probation officer prepared a Pre-Sentence Report ("PSR") with calculations mirroring those found in the plea agreement.

On January 17, 2007, the district court sentenced Zayas at the bottom of the guidelines range to a term of imprisonment of 262 months and a supervised release term of five years. That judgment was appealed and subsequently affirmed by this Court.

This recitation is merely background for purposes of the instant appeal. On March 9, 2009, Zayas filed his first

motion to reduce his sentence under 18 U.S.C. § 3582(c), pursuant to amendments 706 and 711 to the guidelines. The government stipulated to the reduction, which resulted in a two-point offense level decrease, an adjusted offense level of thirty-seven, and an amended sentencing range of 210 to 262 months. The district court granted the motion, sentencing Zayas at the bottom of the now-amended guidelines range to a term of imprisonment of 210 months.

The district court was faced with a case of déjà vu when, on December 20, 2011, Zayas filed a second motion to reduce his sentence under 18 U.S.C. § 3582(c), this time pursuant to amendments 748 and 750 to the guidelines. The government again stipulated to the reduction, which resulted in another two-point offense level decrease, an adjusted offense level of thirty-five, and an amended sentencing range of 168 to 210 months. The district court granted the motion, sentencing Zayas at the bottom of the amended guidelines range to a term of imprisonment of 168 months.

On November 7, 2014, the court then faced "déjà vu all over again," as the late Yogi Berra might have said, when the defendant filed his third motion to reduce his sentence under 18 U.S.C. § 3582(c), this time pursuant to amendments 782 and 788

to the guidelines. This reduction would have resulted in yet another two-point offense level decrease, an adjusted offense level of thirty-three, and a sentencing range of 135 to 168 months. But this time there was a twist. Rather than stipulating to the reduction, both the government and the probation officer opposed the motion, citing the defendant's leadership and enforcement roles, ownership of drug points, and possession of a dangerous weapon in the course of the offense conduct.

In response, the defendant urged the district court to reject the government's position. The defendant argued that these factors had already been accounted for when the sentence was initially imposed and did not, taken alone, reflect any increased danger to public safety. The defendant also noted his positive disciplinary record and rehabilitative efforts in prison.

On March 16, 2015, the district court denied the motion using a form order. The form states, in relevant part that, "having considered [the defendant's] motion, and taking into account the policy statement set forth at [U.S.S.G.] § 1B1.10 and the sentencing factors set forth in 18 U.S.C.

§ 3553(a), to the extent that they are applicable, . . . the motion is DENIED."  This appeal followed.

## II.  Analysis

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824 (2010) (quoting 18 U.S.C. § 3582(b)).  The district court's power under § 3582(c)(2) to reduce the prison term of a defendant who was sentenced based on a guidelines range that has subsequently been lowered by the United States Sentencing Commission (the "Commission") constitutes one such "exception to the general rule of finality" governing such sentences.  Id.

District courts proceeding under § 3582(c)(2) follow a two-step approach.  United States v. Candelaria-Silva, 714 F.3d 651, 656 (1st Cir. 2013).  First, the court determines "the prisoner's eligibility for a sentence modification and the extent of the reduction authorized."  Id. (quoting Dillon, 560 U.S. at 827).  At this stage, "the court considers whether it has the legal authority to grant the reduction requested; thus, its conclusions of law are reviewed de novo, and its factual findings, for clear error."  Id.

- 6 -

Second, the court "consider[s] any applicable § 3553(a) factors and determine[s] whether, in its discretion, the reduction . . . is warranted in whole or in part under the particular circumstances of the case."  Dillon, 560 U.S. at 827. "Decisions at this stage are reviewed for abuse of discretion, as the question whether to reduce a final sentence pursuant to § 3582(c)(2) 'is a matter [Congress] committed to the sentencing court's sound discretion.'"  Candelaria-Silva, 714 F.3d at 656 (quoting United States v. Aponte–Guzmán, 696 F.3d 157, 159–61 (1st Cir. 2012)).  As such, even where the first step has been met, and the defendant has been determined eligible to seek a § 3582(c) reduction, "the district judge may conclude that a reduction would be inappropriate."  Freeman v. United States, 131 S. Ct. 2685, 2694 (2011).

Zayas contends that the district court abused its discretion by failing to consider the § 3553(a) factors and by failing to give sufficient reasons for its decision.[1]  He claims

---

[1] The government urges us to consider the defendant's argument waived because he failed to sufficiently cite or develop the argument in his brief.  We assume without deciding that Zayas did not waive his argument.  It is a "settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived."  United States v. Zannino, 895 F.2d 1, 17 (1st

that one cannot discern what factors, if any, the court relied on in denying his motion.  According to Zayas, "no reasons whatsoever were given by the district court in its order denying [his] motion and there is no correlation to the statutory factors set forth in § 3553(a)."  This, the defendant contends, was an error of law necessarily constituting an abuse of discretion.  See United States v. Caraballo, 552 F.3d 6, 8 (1st Cir. 2008) ("A material error of law is perforce an abuse of discretion.").

Despite the district court's admittedly Spartan denial order, the defendant's argument comes up short.[2]  Zayas himself acknowledges that the judge is not required to articulate the applicability of each factor, "as long as the record as a whole 'demonstrates that the pertinent factors were taken into account

Cir. 1990).  As this Court has noted, "[i]t is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones."  Id.  This rule is commonly deployed, however, against ancillary arguments tossed carelessly against the wall in the hope that one might stick. Despite the paucity of authority offered by the appellant in support of his position, we need not explore the contours of this convention, for the appeal fails on the merits.

[2] The parties do not truly contest the defendant's eligibility for the reduction under step one of the analysis, so we proceed directly to step two.

by the district court.'" United States v. Vautier, 144 F.3d 756, 762 (11th Cir. 1998) (quoting United States v. Eggersdorf, 126 F.3d 1318, 1322 (11th Cir. 1997)). In the sentencing context, we have held that a judge's statement that he has considered the relevant § 3553(a) factors "is entitled to significant weight." United States v. Santiago-Rivera, 744 F.3d 229, 233 (1st Cir. 2014) (citing United States v. Dávila-González, 595 F.3d 42, 49 (1st Cir. 2010)). Zayas has offered no reason why this rule should not apply with equal force in the § 3582(c) context.

Here, the district court utilized a form order that explicitly states that the judge "[took] into account the policy statement set forth at [U.S.S.G.] § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a)[.]" Zayas derides this as "stock language," but fails to provide any rationale as to why the judge must type this phase afresh for each and every reduction order rather than saving himself the effort by relying upon a form prepared for this very purpose.

Moreover, the record as a whole is sufficient for us to infer the pertinent factors taken into account by the court below. United States v. Rodriguez-Rivera, 473 F.3d 21, 29 (1st Cir. 2007) ("[A] court's reasoning can often be inferred by

comparing what was argued by the parties or contained in the pre-sentence report with what the judge did.") (quoting United States v. Jiménez-Beltre, 440 F.3d 514, 519 (1st Cir. 2006) (en banc)). The government opposed the motion based on public safety concerns and argued that a reduction would not be appropriate given the defendant's leadership and enforcement roles, ownership of drug points, and possession of a dangerous weapon in the course of the offense conduct. The probation officer's recommendation echoed this assessment. The need for a sentence to protect the public is, of course, one of the § 3553(a) factors. See § 3553(a)(2)(C) ("The court, in determining the particular sentence to be imposed, shall consider . . . the need for the sentence imposed . . . to protect the public from further crimes of the defendant . . . ."). In fact, Zayas finds himself awkwardly arguing that "[n]either [the defendant's] motion nor the government's response discussed factors relevant to the § 3553(a) inquiry (aside from public safety concerns)." (emphasis added). This is somewhat akin to a restauranteur advising an allergic patron that his meal contains no shellfish (aside from shrimp).

Perhaps aware of his weak position, the defendant advances one final argument. Zayas says that if the public safety factor was determinative, then the district court would not have granted his two prior reductions; ergo, the court could not have denied his third reduction on the basis of public safety. While this argument is worth considering, it is more sauce than substance. There is nothing incongruent about believing that successive reductions in a defendant's sentence are only warranted up to a point. The district court was entitled to determine that a reduction from 262 months to 210 months was warranted, and that a reduction from 210 months to 168 months was warranted, but that a reduction from 168 months to 135 months would be the proverbial bridge too far.

The defendant must remember that the Commission's authorization of a discretionary reduction "does not entitle a defendant to a reduced term of imprisonment as a matter of right." U.S.S.G. § 1B1.10 cmt. background. Rather, the final decision is entrusted to "the sound discretion of the court." Id. Although the Commission's amendments reflect a generalized determination that the reduction "should not jeopardize public safety," U.S.S.G. supplement to app. C amend. 782, the amendments also recognize the court's role in conducting an

- 11 -

individualized assessment into whether retroactive application is warranted on a case-by-case basis, see U.S.S.G. supplement to app. C amend. 788 ("[P]ublic safety will be considered in every case . . . in determining whether . . . a reduction in the defendant's term of imprisonment is warranted . . . .") (citing U.S.S.G. § 1B1.10, cmt. n.1(B)(ii)) (emphasis added).

In short, the record adequately reflects the basis upon which the defendant's motion was denied. We recognize that the court could have expounded further upon the basis for its decision. Even a single sentence incorporating the government's or probation officer's position might have spared this case a trip to the seat of the First Circuit and all the attendant effort and expense associated therewith. However, on this record, we cannot say that the court abused its discretion in denying the defendant's motion.

## III. Conclusion

For the foregoing reasons, the judgment is AFFIRMED.