# United States Court of Appeals
## For the First Circuit

No. 15-1335

UNITED STATES OF AMERICA,

Appellee,

v.

WILFREDO RODRÍGUEZ-ROSADO, a/k/a La Gorda, a/k/a Mogoyo, a/k/a
Pitin, a/k/a Mogo,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Francisco A. Besosa, U.S. District Judge]

Before

Howard, Chief Judge,
Lipez and Thompson, Circuit Judges.

Vivianne M. Marrero, Assistant Federal Public Defender,
Supervisor, Appeals Section, with whom Eric Alexander Vos, Federal
Public Defender, and Leonardo M. Aldridge, Assistant Federal
Public Defender, were on brief, for appellant.
Mainon A. Schwartz, Assistant United States Attorney, with
whom Rosa Emilia Rodríguez-Vélez, United States Attorney, and
Mariana E. Bauzá-Almonte, Assistant United States Attorney, Chief,
Appellate Division, were on brief, for appellee.

April 19, 2017

**HOWARD**, **Chief Judge**.    Defendant-Appellant Wilfredo Rodríguez-Rosado appeals from the district court's denial of his motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2). Under the unique circumstances of this case, we conclude that the prudent course is to remand for the district court to apply its own administrative directive.

## I.

In May 2010, Rodríguez pled guilty to participating in a conspiracy to possess with intent to distribute between fifteen and fifty kilograms of cocaine.  See 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii), 846.  Rodríguez, who was an American Airlines employee at the time, utilized commercial flights to transport large amounts of cocaine from Puerto Rico to the continental United States.  Rodríguez's plea agreement indicates that he was the "Leader" of the drug trafficking conspiracy, which continued for approximately ten years and involved more than 9,000 kilograms of cocaine.  In October 2010, the district court, consistent with the parties' joint recommendation, sentenced Rodríguez to 180 months' imprisonment.

In November 2014, Rodríguez filed a motion to reduce his sentence, citing an April 2014 amendment to the sentencing guidelines ("Amendment 782"), which was given retroactive effect by the Sentencing Commission.  Amendment 782 reduced the base offense level ("BOL") for certain drug crimes by two levels,

effective November 1, 2014.  See U.S.S.G. App. C Supp., Amend. 782.  At the time of his sentencing, Rodríguez's guideline sentencing range ("GSR") was based on the then-applicable BOL of thirty-four.  Under Amendment 782, however, Rodríguez's BOL would be thirty-two.  See U.S.S.G. §2D1.1(c)(4) (2016).

Amendment 782, as expected, generated thousands of sentence reduction motions.  Indeed, in the District of Puerto Rico alone, more than 1,400 such motions were decided before the end of 2016.  See U.S. Sentencing Comm'n, 2014 Drug Guidelines Amendment Retroactivity Data Report, Table 1 (Jan. 2017).  On November 6, 2014, just five days after Amendment 782's effective date, the Puerto Rico District Court issued an administrative directive ("AD 14-426") outlining a procedure for handling the impending onslaught of motions.  Under AD 14-426, all motions to reduce sentence based on Amendment 782 are automatically referred to a magistrate judge for "initial screening."  At this preliminary stage, the magistrate judge evaluates only the defendant's potential eligibility for a sentence reduction.  A defendant is not eligible if, for example, the relevant amendment does not apply to him or does not lower his GSR.  See U.S.S.G. §1B1.10(a)(2).  If the magistrate judge determines that a given defendant may be eligible, the government, defense counsel, and probation officer "shall meet to discuss the case" in an attempt to reach a stipulation.  In the event that the participants are unable to

agree, they are directed to file memoranda with the district court. The court is then tasked with resolving the issue. AD 14-426 expressly provides that it is not "intended to confer individual rights to litigants, nor limit the discretion of judicial officers."

In the present case, on November 26, 2014, the district judge sua sponte denied Rodríguez's motion before the magistrate judge had the opportunity to make an eligibility determination pursuant to AD 14-426. The court explained that Rodríguez "was the maximum leader of an elaborate drug trafficking organization that operated for many years packaging and transporting over 9000 kilos of cocaine." About a month later, the magistrate judge, to whom the motion had automatically been referred under AD 14-426, issued a report and recommendation indicating that Rodríguez "**may be** eligible for a sentence reduction and therefore the matter is referred to a United States District Judge." On December 30, 2014, the district court, in a brief text order, rejected the report and recommendation, stating that Rodríguez's motion "has been denied" and citing its own prior order. On appeal, Rodríguez challenges the district court orders denying his motion for sentence reduction, arguing, among other things, that the court failed to apply its own administrative directive.

The parties first dispute whether Rodríguez has filed a timely notice of appeal.  Under Fed. R. App. P. 4(b), such a notice must, absent an extension, be filed within fourteen days of the judgment or order being appealed.  In his opening brief, Rodríguez cited a February 18, 2015 "Form for Selection of Counsel" (reflecting Rodríguez's request to proceed pro se)[1] to establish the timeliness of his appeal.  As the government points out, however, that document was filed well over fourteen days after both of the relevant district court orders, entered on November 26 and December 30, 2014, respectively.  The government moved for summary dismissal, but we reserved the issue of timeliness for the merits panel and directed the parties to address in their response and reply briefs whether any filings other than the February 18 form might have provided timely and sufficient notice.

As requested, the government preemptively argued in its brief that no other documents filed by Rodríguez were both timely under Rule 4 and specified "the judgment, order, or part thereof being appealed," as required by Fed. R. App. P. 3(c)(1)(B).  In so arguing, the government discussed a December 8, 2014 Form for Selection of Counsel.  That document listed the applicable district court docket number and requested that Hector L. Ramos-Vega be

---

[1] The Federal Public Defender Office subsequently entered its appearance on Rodríguez's behalf.

appointed to represent Rodríguez on appeal.  At the time of this filing, however, Rodríguez had another appeal pending in this court (No. 14-1010) stemming from the same district court case.  In that appeal, the details of which are not relevant here, Rodríguez had challenged the district court's denial of his motion for post-conviction relief under 28 U.S.C. § 2255.  As the government notes, other than listing the district court docket number, Rodríguez's December 8 filing contained no information about the judgment or order being appealed.  See Fed. R. App. P. 3(c)(1)(B). Accordingly, the clerk's office docketed the form in Rodríguez's then-pending § 2255 appeal.  We construed the document as a motion for appointment of counsel in that § 2255 appeal and proceeded to deny the motion.

Ultimately, we need not decide whether the December 8 form satisfied Rule 3.  Even assuming that it did not, Rodríguez subsequently clarified his intent to appeal the district court's denial of his motion for sentence reduction in two pro se letters dated January 12 and January 19, 2015, respectively.[2]  The first of these documents was filed less than fourteen days after the district court's December 30 order rejecting the magistrate judge's report and recommendation.  This ruling was an appealable

---

[2] While these letters were not received until later, under the so-called "prison mailbox" rule, the dates that the documents were "deposited in the institution's internal mail system" govern the timeliness analysis.  Fed. R. App. P. 4(c)(1).

final order.  See United States v. Akinola, 985 F.2d 1105, 1108 (1st Cir. 1993).  While not expressly styled as a notice of appeal, the January 12 letter "plainly evidence[d] [Rodríguez's] intention to appeal" the denial of his motion to reduce sentence.  Campiti v. Matesanz, 333 F.3d 317, 320 (1st Cir. 2003).  Accordingly, the document satisfies the liberal construction of Rule 3 that we afford pro se litigants.  See DeLong v. Dickhaut, 715 F.3d 382, 386 (1st Cir. 2013); Campiti, 333 F.3d at 320.[3]

## III.

In light of the unique circumstances presented by this appeal, remand to the district court for it to apply AD 14-426 is

---

[3] The government raises two additional arguments on the issue of timeliness.  First, it contends that, because his opening brief cited only the February 18 form, Rodríguez has waived any reliance on the December 8 form or the subsequent clarifying letters.  While we "[o]rdinarily" treat arguments raised for the first time in a reply brief as waived, "we may make an exception where justice so requires and where the opposing party would not be unfairly prejudiced by our considering the issue."  United States v. Fields, 823 F.3d 20, 32 n.8 (1st Cir. 2016) (citation and internal quotation marks omitted).  In the present case, in compliance with our express order, the government fully briefed the timeliness of Rodríguez's appeal, including discussion of the December 8 form and January letters.  Rodríguez did the same in his reply.  In these circumstances, we perceive no possibility of prejudice and, accordingly, excuse any waiver by Rodríguez.

The government also maintains that Rodríguez withdrew all relevant filings in a February 2015 document, filed in appeal No. 14-1010, purporting to withdraw "all previously motioned matters before this Court."  But the form and our subsequent judgment dismissing the appeal were expressly limited to appeal No. 14-1010.  Accordingly, we decline to read Rodríguez's pro se filing as encompassing the instant unrelated appeal.

the prudent course. We have ordered similar remands in at least two prior decisions. See United States v. Ahrendt, 560 F.3d 69 (1st Cir. 2009); United States v. Godin, 522 F.3d 133 (1st Cir. 2008). Godin and Ahrendt involved challenges to the district court's refusal to "group" certain prior offenses for purposes of calculating the GSR. When the defendants had been sentenced, the applicable guideline provided that prior offenses were to be counted separately unless they "(A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing." Ahrendt, 560 F.3d at 78 (quoting U.S.S.G. §4A1.2(a)(2) cmt. n.3 (2004)). In both cases, we concluded that the district court had correctly applied that guideline provision. While the appeals were pending, however, the Sentencing Commission adopted a non-retroactive amendment under which prior offenses were to be counted as one if "the sentences were imposed on the same day." Id. at 79 (quoting U.S.S.G. §4A1.2(a)(2)) (emphasis omitted). In both Godin and Ahrendt, the defendants' prior offenses would have been grouped together under this amended provision. We recognized that, because the amendment was non-retroactive, "neither defendant was entitled . . . to a remand because neither could show that an error occurred at sentencing." Id. at 80. Notwithstanding the lack of error, we deemed it prudent to remand, id., to allow the sentencing judge

the opportunity "to consider the Commission's current thinking," as reflected in the amendment, Godin, 522 F.3d at 136.

We think that the present appeal calls for a similar result. On November 6, 2014, facing the prospect of thousands of sentence reduction motions, the District of Puerto Rico wisely issued AD 14-426 to assure the orderly and consistent processing of those filings. Rodríguez moved to reduce his sentence less than two weeks later. Indeed, Rodríguez's § 3582(c)(2) motion was the first decided by the district judge in this case. The court denied Rodríguez's motion before allowing the newly adopted AD 14-426 process to play out. As described above, Rodríguez clearly indicated his intent to appeal that decision on January 12, 2015, thereby divesting the district court of jurisdiction. See United States v. George, 841 F.3d 55, 71 (1st Cir. 2016). Over the course of the approximately fifteen months after its initial denial of Rodríguez's motion, the district court considered fourteen similar motions by Rodríguez's co-defendants. Each of these motions, other than those filed by defendants who had been sentenced to the statutory minimum term and were therefore ineligible, were decided according to the process outlined in AD 14-426.

In these unique circumstances, the most prudent course is a remand to the district court to follow the AD 14-426 process.[4]

---

[4] In light of this conclusion, we need not consider the alternative grounds for remand advocated by Rodríguez.

Such a remand will allow the court to benefit from the wealth of experience that it has gained adjudicating motions to reduce sentences pursuant to AD 14-426. This process was brand-new when the court ruled on Rodríguez's motion. Remand will also foster confidence in the judicial system by ensuring that Rodríguez's motion is handled similarly to those of his ten co-defendants who were potentially eligible for a sentence reduction. We note that the question of whether to grant a sentence reduction "is a matter [Congress] committed to the sentencing court's sound discretion." United States v. Zayas-Ortiz, 808 F.3d 520, 523 (1st Cir. 2015) (alteration in original) (citation omitted). Accordingly, we express no opinion as to the proper outcome on remand.

## IV.

For the foregoing reasons, we **VACATE** the district court's orders denying Rodríguez's motion to reduce sentence and remand for further proceedings consistent with this opinion.