# United States Court of Appeals
## For the First Circuit

No. 15-2024

UNITED STATES OF AMERICA,

Appellee,

v.

JAVIER TORRES-RIVERA, a/k/a Javo,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Gustavo A. Gelpí, U.S. District Judge]

Before

Lynch, Thompson, and Kayatta,
Circuit Judges.

Alan Jay Black for appellant.
Mainon A. Schwartz, Assistant United States Attorney, with whom Rosa Emilia Rodríguez-Vélez, United States Attorney, Mariana E. Bauzá-Almonte, Assistant United States Attorney, Chief, Appellate Division, and Nelson Pérez-Sosa, Assistant United States Attorney, were on brief, for appellee.

October 18, 2017

**KAYATTA**, **Circuit Judge**.  Defendant Javier Torres-Rivera ("Torres") appeals from the district court's denial of his motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2).  It appears from the record that the defendant's conduct in prison was materially less problematic than the district court may have been led to believe.  We therefore vacate the denial of Torres's motion and remand for reconsideration.

## I.

## A.

On October 3, 2012, Torres pled guilty to one count of a six-count indictment charging him with conspiring and agreeing to possess with intent to distribute various controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), 846 and 860. The charges against Torres stemmed from his role as a supplier for a drug trafficking organization in Mayaguez, Puerto Rico.  His plea agreement stipulated to a quantity range (between 3.5 and 5 kilograms) and type (cocaine) of controlled substances that he possessed.  In light of that stipulation, the plea agreement calculated the base offense level to be thirty.  See U.S. Sentencing Guidelines Manual (U.S.S.G.) § 2D1.1(c)(5) (U.S. Sentencing Comm'n 2012).  The plea agreement also calculated the total offense level to be thirty, based on a one-level enhancement because the charge stemmed from distribution of controlled substances in a "protected location," see id. § 2D1.2(a)(2), a

- 2 -

two-level enhancement because the defendant possessed a firearm, see id. § 2D1.1(b)(1), and a three-level reduction because the defendant accepted responsibility, see id. § 3E1.1(a),(b).  The plea agreement contained no stipulation as to Torres's criminal history category but calculated the guidelines sentencing range, assuming a criminal history category of one, as 97 to 121 months. Id. ch. 5, pt. A, sentencing table.  It provided that the parties were "free to argue for any sentence" between 102 and 121 months.

The district court held a sentencing hearing on January 23, 2013.  During the hearing, the district court adopted the plea agreement's calculations, including its guidelines sentencing range of 97 to 121 months.[1]  The government and defense counsel both recommended 102 months, "the lower end" of what the plea agreement allowed the government to argue.  The court, after considering the relevant sentencing factors under 18 U.S.C. § 3553(a), "follow[ed] that recommendation" and imposed a sentence of 102 months' imprisonment, to be followed by eight years of supervised release.

**B.**

Over a year after Torres was sentenced, the United States Sentencing Commission voted unanimously to reduce the base offense

---

[1] Although the district court described the guidelines range at sentencing as 97 to 120 months, given the context, we assume that it intended to accurately describe the range as 97 to 121 months.

level by two for most drug trafficking crimes.  See U.S.S.G. app. C supp., amend. 782 (Nov. 1, 2014).  It later voted to give the amendment retroactive effect.  See id. amend. 788.  Section 3582(c)(2) of Title 18 creates an exception to the general rule that a federal district court "may not modify a term of imprisonment once it has been imposed,"  18 U.S.C. § 3582(c), by permitting a court to revisit the sentence of a defendant for which a subsequent amendment would have reduced his or her base offense level at sentencing.  Id. § 3582(c)(2).  Under this exception, "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," id. -- in this case, the policy statement contained in U.S.S.G. § 1B1.10. See United States v. Vaughn, 806 F.3d 640, 643 (1st Cir. 2015). The district court's inquiry involves two steps:  It must "first determine whether a reduction is authorized by § 1B1.10 and, if so, the extent of any authorized reduction," and then "determine whether a reduction is warranted according to the factors set out in 18 U.S.C. § 3553(a)."  Id. (citing Dillon v. United States, 560 U.S. 817, 826-27 (2010)).

Torres filed a motion to reduce his sentence on the basis of Amendment 782, which, if applied, would drop his total offense level to twenty-eight and his guidelines sentencing range to 78 to

- 4 -

97 months.  See U.S.S.G. ch. 5, pt. A, sentencing table.  The government opposed Torres's motion.  In its submission, the government pointed out that Torres had "already benefitted from a stipulated amount of drugs in the Plea Agreement, thereby avoiding enhanced guideline calculations."  The government also stated as follows:  "[W]hile under custody of the Federal Bureau of Prisons, [Torres] has engaged in actions resulting in disciplinary sanctions, including possession of a hazardous tool and introduction of drugs or alcohol."  In a footnote following this statement, the government wrote that "the Court must consider public safety considerations, and may consider information regarding the post-sentencing conduct or situation of the defendant, whether positive or negative."

The government's description implied, by use of the word "sanctions," that there were multiple sanctions, when the record indicates that there was only one sanction based on a single incident resulting in two violations of institutional regulations.  The assertion also implied, by use of the word "including," that such sanctions resulted from additional violations beyond those listed.  See Include, Black's Law Dictionary (9th ed. 2009) ("The participle including typically indicates a partial list . . . .").

Furthermore, the government's submission implied that the conduct postdated, rather than predated, Torres's sentencing.  It did so by explaining, in connection with the conduct, that the

court "may consider information regarding the post-sentencing conduct or situation of the defendant, whether positive or negative." The government would have had no occasion to discuss post-sentencing conduct, including the legal relevance of such conduct, unless Torres's sanction qualified as such.

Torres challenged the contentions that he had been subject to more than one sanction and sought to clarify that the one sanction was issued before he was sentenced. The record reflects that Torres was plainly correct on both counts: He had been sanctioned only once, over a year before sentencing, for two violations of prison rules (possession of a hazardous tool and introduction of drugs or alcohol). Torres also emphasized his "clear conduct" since that incident and his substantial efforts "to procure his own rehabilitation by studying and working."

Before deciding the motion, the district court also received a submission from the U.S. Probation Office. The probation officer made a recommendation -- "in his independent capacity as a Court Investigator" -- to grant the motion and reduce Torres's sentence of imprisonment by twenty months. In making this recommendation, the probation officer noted that Torres "has been sanctioned" in prison, but "has completed several educational courses." In response, the government made no change in its description of Torres's prison record.

The district court denied Torres's motion for a sentence reduction. In doing so, it "note[d] Defendant's role in the offense, and particularly his possession of a firearm, as well as his conduct at the Bureau of Prisons." (emphasis added).

Torres claims that, in so ruling, the district court failed to consider the factors specified in 18 U.S.C. § 3553(a), notwithstanding the fact that the district court also used a form order stating that the court "[took] into account . . . the sentencing factors set forth in 18 U.S.C. § 3553(a)." We accord such a statement by the district court "great weight," and have expressly deemed it to be sufficient where "the record as a whole is sufficient for us to infer the pertinent factors taken into account by the court below." United States v. Zayas-Ortiz, 808 F.3d 520, 524 (1st Cir. 2015). Here, though, the record presents something of a puzzle in the form of the district court's elaboration that it was relying, in part, on Torres's conduct in prison. If the district court was referring to the government's version as one would most reasonably construe it (multiple sanctions for conduct "including" the two cited violations, all possibly after sentencing), then the district court would have based its decision on a falsely inflated view of the relevant conduct. Cf. United States v. Rivero-Moreno, 613 F.3d 1, 8 (1st Cir. 2010) (stating that, in the sentencing context, the district court abuses its discretion if it, inter alia, relies on "clearly

erroneous facts").  Conversely, it is possible (although perhaps not as likely in view of the court's denial of Torres's motion) that the district court was referring to Torres's conduct in prison as Torres accurately described it.  If so, we would likely affirm. "[T]he question whether to reduce a final sentence pursuant to § 3582(c)(2) 'is a matter [Congress] committed to the sentencing court's sound discretion.'"  United States v. Candelaria-Silva, 714 F.3d 651, 656 (1st Cir. 2013) (alteration in original) (quoting United States v. Aponte-Guzmán, 696 F.3d 157, 161 (1st Cir. 2012)). Even with one presentence sanction, such a defalcation together with the other factors cited would likely fall within the wide range of the district court's discretion.

In many situations, brief references by the district court to, for example, "a drug point owner who . . . stipulated [to] a very reduced crack amount," are enough to allow us to infer what the district court's reasoning was.  See Aponte-Guzmán, 696 F.3d at 159, 161 (internal quotation marks omitted).  Here, though, the record offers no such inference, pointing instead ambiguously in two different ways.  Because of the presently quite plausible possibility that the government's wording led the district court astray on a point directly relevant to a section 3553(a) factor, we opt not to guess what the district court was thinking.  Instead, we vacate the denial of Torres's motion and remand to provide the

- 8 -

government the opportunity to clarify the record and to provide the district court with the benefit of the record so clarified.

## II.

In addition to his foregoing argument that the district court must more clearly articulate its reasoning, Torres presents three other challenges. We reject these additional challenges.

Torres first contends that the district court abused its discretion by relying on his firearms possession to deny his motion, since that factor was already taken into account in determining his Guidelines range. According to Torres, this is impermissible double-counting. Not all overlap between conduct considered under the Guidelines and conduct relied upon for a court's discretionary decision, however, constitutes improper double-counting. See United States v. Maisonet-González, 785 F.3d 757, 763-64 (1st Cir. 2015) (holding that it was "neither surprising nor impermissible" for a district court to use a defendant's prior criminal history both to calculate his criminal history category and to analyze the section 3553(a) sentencing factors); United States v. Scherrer, 444 F.3d 91, 94 (1st Cir. 2007) (en banc) (concluding that it was "not unreasonable" for the district court to rely on aggravating factors for multiple section 3553(a) categories, thus dismissing a charge of double-counting by the defendant). We have also permitted district courts to apply multiple sentencing enhancements that "derive in some

measure from a common nucleus of operative facts" when there is "neither an explicit prohibition against double counting nor a compelling basis for implying such a prohibition." United States v. Reyes-Rivera, 812 F.3d 79, 88 (1st Cir. 2016) (quoting United States v. McCarty, 475 F.3d 39, 46 (1st Cir. 2007)); see also United States v. Arsenault, 833 F.3d 24, 31 (1st Cir. 2016). By directing the district court to consider the section 3553(a) factors -- the very factors considered at sentencing -- in determining whether a reduction is "warranted," some degree of focusing on an already-considered factor is inherent in section 3582(c)(2)'s structure. Faced with this situation in the past, we affirmed. See Aponte-Guzmán, 696 F.3d at 158, 161. In Aponte-Guzmán, as here, the defendant received a two-level enhancement for possession of a firearm. And, as here, the district court relied explicitly on the defendant having been "involved with firearms" in denying his motion for a sentence reduction under section 3582(c)(2). Id. at 159. Other circuits faced with similar challenges have given the district court wide latitude. See, e.g., United States v. Jones, 846 F.3d 366, 371 (D.C. Cir. 2017) (finding unavailing the defendants' argument that "because the . . . Guidelines already accounted for the nature and seriousness of their offenses . . . the district court couldn't double-count those factors in denying their requested reductions"). We similarly conclude that the district court did

not abuse its discretion by considering Torres's firearms possession.

Torres next points out that several other defendants were granted two-level reductions pursuant to section 3582(c)(2) despite also having prison disciplinary infractions. Because section 3553(a)(6) directs the district court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," Torres argues that he should be granted the same reduction. Although section 3553(a)(6) is "primarily aimed at national disparities," United States v. Rivera-Gonzalez, 626 F.3d 639, 648 (1st Cir. 2010) (quoting United States v. Marceau, 554 F.3d 24, 33 (1st Cir. 2009)), we have also recognized that a disparity with a co-defendant's sentence may render a sentence substantively unreasonable, see United States v. Reyes-Santiago, 804 F.3d 453, 467 (1st Cir. 2015). However, "[w]e have routinely rejected disparity claims . . . because complaining defendants typically fail to acknowledge material differences between their own circumstances and those of their more leniently punished confederates." Id. A successful defendant must present an "apples to apples" comparison. Id. Torres does not. He points to three "co-conspirators" who received reductions as a result of Amendment 782. But no other defendant was charged along with Torres. They were indicted separately for conduct at different locations and at

different times.  Most significantly, Torres's role in his drug conspiracy -- the very conduct relied upon by the district court -- differs from that of the other defendants.  While Torres was a supplier, the other defendants were either managers or enforcers. The district court did not abuse its discretion by denying a sentence reduction to Torres that had been granted to other defendants.

Last, Torres contends that the district court abused its discretion by not holding a hearing on his motion.  However, a hearing is not necessarily required in this context. See Restrepo-Contreras v. United States, No. 96-1411, 1996 WL 636560, at *2 (1st Cir. Nov. 4, 1996) (unpublished opinion) (per curiam) ("A reduction of sentence thus need not invariably be accompanied by a hearing."); cf. Ramos-Martínez v. United States, 638 F.3d 315, 326 (1st Cir. 2011) (stating that, in connection with a motion to vacate a sentence pursuant to 28 U.S.C. § 2255, "a petitioner 'is not entitled to an evidentiary hearing as a matter of right'" (quoting David v. United States, 134 F.3d 470, 477 (1st Cir. 1998))).  Thus, we cannot say that the district court abused its discretion in not holding a hearing.

## III.

For the foregoing reasons, we vacate the district court's denial of Torres's motion for a sentence reduction and

remand to the district court for further proceedings consistent with this opinion.