FILED
United States Court of Appeals
Tenth Circuit

April 14, 2017

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ADAUCTO CHAVEZ-MEZA,

Defendant - Appellant.

No. 16-2062

_____

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
(D.C. NO. 1:12-CR-00701-WJ-1)**

_____

*Submitted on the Briefs*:

Todd A. Coberly, Coberly & Martinez, LLLP, Santa Fe, New Mexico, for
Appellant.

James R.W. Braun, Assistant United States Attorney, and Damon P. Martinez,
United States Attorney, Office of the United States Attorney, Albuquerque, New
Mexico, for Appellee.

_____

Before **TYMKOVICH**, Chief Judge, **SEYMOUR**, and **KELLY**, Circuit Judges.

_____

**TYMKOVICH**, Chief Judge.

_____

This case requires us to determine how much explanation a district court must provide when granting a sentence-reduction motion under 18 U.S.C. § 3582(c)(2) and choosing a sentence within the revised Sentencing Guidelines range.

Adaucto Chavez-Meza pleaded guilty to drug conspiracy charges in 2013. He originally received a prison sentence of 135 months, the Sentencing Guidelines minimum. In 2014, the Sentencing Commission amended the Guidelines to reduce the relevant offense levels. Chavez-Meza then sought and was granted a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). He requested the court reduce his sentence to 108 months, the minimum under the revised guidelines range, but the court only reduced his sentence to 114 months. In confirming the new sentence, the district court issued a form order stating it had "tak[en] into account the policy statement set forth at USSG § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a)." Chavez-Meza appeals his reduced sentence, claiming the district court erred by failing to adequately explain how it applied the § 3553(a) factors in imposing a 114-month sentence.

We **AFFIRM** the district court's sentence-reduction order. Section 3582(c)(2) does not require additional explanation when a district court imposes a guidelines sentence and affirmatively states that it considered the § 3553(a) factors in its decision.

# I. Background

Chavez-Meza pleaded guilty to conspiracy and possession with intent to distribute methamphetamine. His guidelines range was 135–168 months. The government recommended a 135-month sentence at the low end of the range, which the sentencing court accepted. The court explained "the reason the guideline sentence is high in this case . . . is because of the quantity, 1.75 kilograms of actual methamphetamine. . . . [O]ne of the other reasons that the penalty is severe in this case[] is because of methamphetamine. It destroys . . . individual lives, it destroys families, it can destroy communities." App., Vol. IV at 15.

In 2015, after the Sentencing Commission amended the Guidelines and reduced the applicable guidelines for this type of crime, Chavez-Meza filed a pro se motion under 18 U.S.C. § 3582(c)(2), asking the district court to modify his sentence.

The district court appointed counsel to represent Chavez-Meza, and the government consented to a "stipulated agreement in petition for reduced sentence." App., Vol. I at 40–41. In the petition they agreed that amendments to the guidelines range resulted in a lower 108- to 135-month sentencing range. Accordingly, Chavez-Meza filed a request for a 108-month sentence, at the low end of the revised range. The government did not offer guidance on a specific sentence.

There is no requirement that district courts hold a hearing in a § 3582(c)(2) sentence-reduction proceeding. *United States v. Piper*, 839 F.3d 1261, 1270 (10th Cir. 2016). Without doing so, then, the district court issued an order on a two-page standard form reducing Chavez-Meza's sentence to 114 months. The form, an "AO-247," is a document prepared by the Federal Judiciary's Administrative Office. It requires the district court to state it has "tak[en] into account the policy statement set forth at USSG § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable." It also requires the court provide both the previous and amended total offense level, criminal history category, and guidelines range. The court must then check a box indicating where the sentence falls relative to the amended guidelines range. Apart from completing the form, the district court did not otherwise explain its decision to reduce the sentence to 114 months rather than the 108 months Chavez-Meza had requested.

## II. Analysis

Chavez-Meza contends the district court erred by failing to adequately state reasons supporting its decision in the sentence-reduction order. He argues mere completion of an AO-247 makes it impossible to determine whether the district court complied with § 3582(c), which requires that courts consider the § 3553(a) sentencing factors. The government argues § 3582(c) does not require that courts

-4-

state specific reasons for imposing a particular sentence, but only that courts consider the applicable § 3553(a) factors.

We review the scope of a district court's authority in sentence reduction under 18 U.S.C. § 3582(c)(2) de novo. *United States v. Verdin-Garcia*, 824 F.3d 1218, 1221 (10th Cir. 2016). We review a district court's decision to grant or deny a § 3582(c)(2) motion for an abuse of discretion. *Id.* An error of law is per se an abuse of discretion. *Koon v. United States*, 518 U.S. 81, 100 (1996).

Section 3582(c)(2) authorizes a district court to reduce a sentence "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." The statute provides that "the court *may* reduce the term of imprisonment, after *considering* the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* (emphasis added).

We have explained in previous cases that the plain language of § 3582(c)(2) *does not* incorporate the explanatory requirement from § 3553(c):

> The language of 18 U.S.C. § 3582(c)(2) is clear—it requires the court to *consider* the factors in 18 U.S.C. § 3553(a). It does not mention § 3553(c). This omission is significant because we have previously interpreted the meaning of both subsections, holding that § 3553(a) requires consideration, while § 3553(c) requires an explanation of the sentence. Congress incorporated only one of these distinct requirements into § 3582(c)(2)—the requirement to consider the § 3553(a) factors.

*Verdin–Garcia*, 824 F.3d at 1221 (citing *United States v. Ruiz–Terrazas*, 477 F.3d 1196, 1201 (10th Cir. 2007)).    Thus, the statute in referencing § 3553(a) imposes no particular requirement to provide the level of explanation § 3553(c) requires. Rather, "[s]ection 3553(a) imposes on the district court a duty to '*consider*'" a variety of important sentencing considerations.  *Ruiz-Terrazas*, 477 F.3d at 1201. But it nowhere imposes on the court a duty to address those factors on the record; by contrast, § 3553(c) speaks expressly to the nature of the district court's duty to explain itself on the record.  It would be incongruous, we think, to read a duty of explanation into subsection (a) when the exact matter has already been considered and addressed by Congress in subsection (c).

We have also explained that the requirements imposed on a court at a sentence-reduction proceeding cannot be greater than those imposed at an original sentencing proceeding.  *Verdin–Garcia*, 824 F.3d at 1221.  This distinction reflects the different status of the two proceedings.  Original sentencing proceedings invoke important constitutional rights, and § 3553(c) requires sentencing courts to explain and justify a particular sentence, both for procedural and substantive reasonableness.  But no statute or case has established this requirement for sentence-reduction proceedings—which makes sense. Sentence-reduction proceedings merely represent "a congressional act of lenity intended to give prisoners the benefit of later enacted adjustments."  *Dillon v. United States*, 560 U.S. 817, 828 (2010).  Setting the procedural bar for sentence-

reduction proceedings higher than for original sentencing proceedings would contravene this hierarchy. We cannot require more for sentence reduction, when § 3553(c) does not apply, than we require for original sentencing, when § 3553(c) does apply. The original sentencing procedures required by § 3553(c) must therefore supply the ceiling for sentence-reduction procedures.

So we begin by reviewing what § 3553(c) requires. We do so not because § 3553(c) applies to sentence reduction, but because the requirements for sentence reduction cannot exceed the requirements of § 3553(c). Congress's decision not to incorporate § 3553(c) into the sentence-reduction provision dictates this approach. Our precedent on § 3553(c) does not tell us what sentence reduction requires, but it tells us the uppermost bound of what it can require.

And that precedent makes clear that original sentencing proceedings do not require extensive explanations for sentences within the guidelines range. "When imposing a sentence within the properly calculated Guidelines range, a district court must provide, as Section 3553(c) indicates by its plain language, only a general statement noting the appropriate guideline range and how it was calculated." *United States v. Ruiz-Terrazas*, 477 F.3d 1196, 1202 (10th Cir. 2007 (internal quotation marks omitted).[1] A court's "citation of the [presentence

_____

[1] More is required at sentencing when the defendant requests a below-guidelines sentence. *See United States v. Sanchez-Juarez*, 446 F.3d 1109, 1117 (10th Cir. 2006) ("[W]here a defendant has raised a nonfrivolous argument that the § 3553(a) factors warrant a below-Guideline sentence and has expressly
(continued...)

report's] calculation method and recitation of the suggested imprisonment range amply fulfill[s]" this requirement. *United States v. Algarate-Valencia*, 550 F.3d 1238, 1244 (10th Cir. 2008) (quoting *United States v. Cereceres-Zavala*, 499 F.3d 1211, 1217 (10th Cir. 2007)). "Section 3553(a) imposes on the district court a duty to 'consider' a variety of important sentencing considerations. But it nowhere imposes on the court a duty to address those factors on the record." *Ruiz-Terrazas*, 477 F.3d at 1201.

Read together, *Verdin-Garcia* and *Ruiz-Terrazas* thus establish that the same "general statement noting the appropriate guideline range and how it was calculated" in applying § 3553(a) also suffices in sentence-reduction proceedings. *Ruiz-Terrazas* confirms that level of explanation satisfies the requirements for sentencing proceedings, and *Verdin-Garcia* clarifies that it provides the ceiling for sentence-reduction proceedings. A contrary rule would go beyond what we have said § 3553(c) requires, thus imposing greater requirements for what both Congress and the Supreme Court have told us is a lesser proceeding—and one to

---

[1](...continued)
requested such a sentence, we must be able to discern from the record that the sentencing judge did not rest on the guidelines alone, but considered whether the guidelines sentence actually conforms, in the circumstances, to the statutory factors." (internal quotation marks and alterations omitted)). But that situation is not raised on these facts. Courts can only reduce a sentence to a term less than the guidelines minimum if the sentencing court originally imposed a sentence below the guidelines range. USSG § 1B1.10(b)(2). We do not decide in this case what level of explanation is required when courts decide sentence-reduction motions involving sentences outside the guidelines range.

which § 3553(c) does not even apply.  We therefore hold that, absent any indication the court failed to consider the § 3553(a) factors, a district court completing form AO-247 need not explain choosing a particular guidelines-range sentence.[2]

This makes sense given our review of sentencing decisions.  We "traditionally presume, absent some indication in the record suggesting otherwise, that trial judges are presumed to know the law and apply it in making their decisions." *Ruiz-Terrazas*, 477 F.3d at 1201 (alterations and quotation marks omitted).  We "do not disturb decisions entrusted by statute or other rule of law to the discretion of a district court unless we have a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Id.* (quotation marks omitted).

Nothing indicates in this case the district court failed to consider the § 3553(a) factors or otherwise abused its discretion.  The first page of form AO-247, signed by the judge, indicates that he has "tak[en] into account the policy statement set forth at USSG § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a)."  App., Vol. 1 at 42.  The (sealed) second page of form AO-247

---

[2] We do not address here whether a district court must justify *rejecting* a sentence-reduction motion.  Some courts considering the issue have imposed higher explanatory standards for denying sentence-reduction motions than for granting one but with a longer sentence than the movant sought. *See United States v. Brown*, 497 F. App'x. 196, 198 (3d Cir. 2012) (unpublished); *United States v. Evans*, 587 F.3d 667, 674 (5th Cir. 2009).

correctly indicates the amended guidelines range. And it is safe to infer from the court's rejection of the low-end-of-the-range sentence that it carefully considered the materials (which included an incident of misconduct while in prison) presented to it by the parties.

The circuits are split on the degree of explanation necessary to satisfy § 3582. The First, Third, and Fourth Circuits, for example, have all held that no elaborate explanation is necessary in § 3582 sentence-reduction proceedings. *See United States v. Zayas-Ortiz*, 808 F.3d 520, 524 (1st Cir. 2015) (affirming unelaborated AO-247 order where "the record as a whole is sufficient for [the court of appeals] to infer the pertinent factors taken into account by the court below"); *United States v. Brown*, 497 F. App'x 196, 198–99 (3d Cir. 2012) (unpublished) (affirming unelaborated AO-247 order where "[t]he record shows the District Court's consideration of the relevant factors and the rationale for its § 3582(c)(2) ruling"); *United States v. Smalls*, 720 F.3d 193, 195–96 (4th Cir. 2013) ("[A]bsent a contrary indication, [the court of appeals] presume[s] a district court deciding a § 3582(c)(2) motion has considered the 18 U.S.C. § 3553(a) factors and other pertinent matters before it." (internal quotation marks omitted)). On the other hand, several other circuits have found an explanatory requirement in this context. *See United States v. Christie*, 736 F.3d 191, 195 (2d Cir. 2013) ("[T]he lack of reasoning in the court's order prevents [the court of appeals] from exercising meaningful appellate review." (internal quotation marks omitted)); *see*

*also United States v. Howard*, 644 F.3d 455, 461 (6th Cir. 2011); *United States v. Marion*, 590 F.3d 475, 478 (7th Cir. 2009); *United States v. Burrell*, 622 F.3d 961, 964 (8th Cir. 2010); *United States v. Trujillo*, 713 F.3d 1003, 1009 (9th Cir. 2013); *United States v. Williams*, 557 F.3d 1254, 1256-57 (11th Cir. 2009) (all same).

Chavez-Meza relies on these authorities and also points to two Tenth Circuit cases in arguing for a contrary result. In the first case, *United States v. Dorrough*, 84 F.3d 1309, 1311 (10th Cir. 1996), we stated in dicta that "[t]here is no requirement that the district court make specific findings regarding [the 18 U.S.C. § 3553(a) factors in sentence-reduction orders] as long as it states the reasons for its actions." The other case, *United States v. Nelson*, 303 F. App'x 641 (10th Cir. 2008), an unpublished decision that relies on *Dorrough*, remanded an AO-247 order that lacked any explanation, explaining "we lack a meaningful basis for reviewing the district court's consideration of the relevant factors." *Id.* at 646. But dicta and unpublished opinions do not bind panels of this court. *See* 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value."); *Bates v. Dep't of Corr.*, 81 F.3d 1008, 1011 (10th Cir. 1996) ("[A] panel of this [c]ourt . . . is not bound by a prior panel's dicta."). We nonetheless are persuaded that § 3582 does not require more explanation than was provided here.

First, *Dorrough* and *Nelson* ultimately locate the source of the explanatory requirement in § 3553(c),[3] but, as we explained in *Verdin-Garcia*, § 3582(c) plainly does not incorporate that requirement. *See Verdin-Garcia*, 824 F.3d at 1221 ("§ 3582(c)(2) . . . does not mention § 3553(c)."). Although *Nelson* states that § 3582(c)(2) "require[s]" a district court "to state the reasons for its decision," 303 F. App'x at 646, § 3582(c)(2) only directs courts to *consider* the § 3553(a) factors. Nowhere does the language of § 3582(c)(2) include, reference, or incorporate the explanatory requirement of § 3553(c). *Verdin-Garcia*, 824 F.3d at 1221. *Nelson*'s statement that § 3582(c)(2) requires a statement of reasons is unpersuasive for that reason.

Second, *Dorrough* and *Nelson* are inconsistent with our cases on sentencing, which provide a ceiling for the requirements in sentence-reduction proceedings. If a sentencing court does not need to explain the reasons behind a within-guidelines sentence, the standard cannot be higher for sentence reduction. Following *Nelson*'s approach would create a more stringent standard for sentence-reduction proceedings than for original sentencing proceedings. Had Congress wished to include an explanatory requirement in the sentence-reduction provision, as they did in § 3553(c), they could have done so. But "courts must

---

[3] *Dorrough* gets to § 3553(c) in two steps. As authority for its dictum, *Dorrough* cited *United States v. Lee*, 957 F.2d 770, 774–75 (10th Cir. 1992), a case about supervised release that cites § 3553(c) as authority for a similar dictum. *Nelson* cites *Dorrough*, so it too ultimately derives its holding from § 3553(c). *Nelson*, 303 F. App'x at 645.

presume that a legislature says in a statute what it means and means in a statute what it says there." *Barnhart v. Sigmon Coal Co.*, 534 U.S. 438, 461–62 (2002).

The rule of *Nelson* might be good practice for the district courts, and reviewing courts might benefit in some circumstances from additional explanation, but as we explained, neither the text of the statute nor our precedent *require* additional explanation. Even though district courts *need not* explain their decisions in sentence-reduction orders, that does not mean that they *should not* do so. In *Verdin-Garcia*, we announced a "[g]eneral [p]olicy [s]upporting [e]xplanation," in light of "the need for a district court to create a meaningful basis for appellate review and to promote the perception of fairness." 824 F.3d at 1222. As the First Circuit noted in a similar case, "[e]ven a single sentence incorporating the government's or probation officer's position might have spared this case a trip to the [court of appeals] and all the attendant effort and expense associated therewith." *Zayas-Ortiz*, 808 F.3d at 525. But the standard of review is abuse of discretion, not best practice. In the absence of an explanatory requirement, we do not find that the district court abused its discretion.

## III. Conclusion

We therefore **AFFIRM** the district court's order reducing Chavez-Meza's sentence to 114 months.

-13-