**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 8, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CARLOS VINCENT GILCHRIST,

Defendant - Appellant.

No. 18-3155
(D.C. No. 2:12-CR-20066-KHV-40)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **PHILLIPS**, **McKAY**, and **O'BRIEN**, Circuit Judges.

In 2013, Carlos Gilchrist pled guilty to conspiracy to manufacture, to possess with intent to distribute, and to distribute 280 or more grams of cocaine. 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii), (b)(1)(A)(iii). The Fed. R. Crim. P. 11(c)(1)(C) plea

---

[*] Oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). We have decided this case on the briefs.

This order and judgment is an unpublished decision, not binding precedent. 10th Cir. R. 32.1(A). Citation to unpublished decisions is not encouraged, but not prohibited. Fed. R. App. 32.1. Citation is appropriate as it relates to law of the case, issue preclusion and claim preclusion. Unpublished decisions may also be cited for their persuasive value. 10th Cir. R. 32.1(A). Citation to an order and judgment must be accompanied by an appropriate parenthetical notation – (unpublished). *Id*.

agreement called for a stipulated sentence of 180 months' imprisonment. The Presentence Report (PSR) determined Gilchrist was a "career offender" under § 4B1.1 of the United States Sentencing Guidelines (USSG), which resulted in a guideline range of 292 to 365 months' imprisonment. The district judge adopted the PSR but accepted the plea agreement and sentenced him to the stipulated lesser term. Subsequently, the United States Sentencing Commission retroactively lowered the base offense levels in USSG § 2D1.1 for most drug crimes (Amendment 782). *See* USSG Supp. to App. C, Amendments 782, 788 (2016).

Gilchrist moved for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 782.[1] Under § 3582(c)(2), a court may reduce a defendant's sentence only if it was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." The district court dismissed Gilchrist's motion for lack of jurisdiction. The judge concluded Gilchrist was ineligible for a sentence reduction because his sentencing range was based on the career offender guideline, to which Amendment 782 had no effect. Gilchrist timely appeals; our review is de novo. *United States v. Chavez-Meza*, 854 F.3d 655, 657 (10th Cir. 2017).

Gilchrist argues he is eligible for a sentence reduction because the judge relied on his guideline range in deciding whether to accept the Rule 11(c)(1)(C) agreement and stipulated sentence. *See Hughes v. United States*, __ U.S. __, 138 S.Ct. 1765, 1775

---

[1] Because Gilchrist appears pro se, we have liberally construed his pleadings but have not served as his advocate. *See United States v. Pinion*, 584 F.3d 972, 975 (10th Cir. 2009).

(2018) (holding a defendant sentenced under a Rule 11(c)(1)(C) plea agreement may be eligible for a sentence reduction under § 3582(c)(2) if the guideline range "was part of the framework the district court relied on in imposing the sentence or accepting the agreement"). True, as far as it goes. His Rule 11(c)(1)(C) plea agreement and the conforming sentence do not necessarily render him ineligible for a sentence reduction, but he still must satisfy § 3582(c)(2), namely its requirement that his sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." This he cannot do.

Amendment 782 had no effect on the career offender guideline. *See United States v. Sharkey*, 543 F.3d 1236, 1239 (10th Cir. 2008); *see, e.g.*, *United States v. Akers*, 892 F.3d 432, 434 (D.C. Cir. 2018); *United States v. Mateo*, 560 F.3d 152, 155 (3d Cir. 2009). Gilchrist's applicable § 4B1.1 guideline range thus remains unchanged by the revisions to the drug quantity tables in USSG § 2D1.1 under Amendment 782: his offense level remains 35, his criminal history category remains VI, and his applicable guideline sentencing range remains 292 to 365 months. Because Amendment 782 has no impact on Gilchrist's applicable guideline range, he is not eligible for the requested sentence modification under § 3582(c)(2).

According to Gilchrist, this creates unfair disparities in sentences imposed for similarly situated defendants. But in so arguing, he completely ignores the career offender guideline, which served as the basis for his sentence, and focuses solely on the drug quantity tables Amendment 782 addressed. All defendants, like Gilchrist, sentenced as career offenders are in the same boat—none is eligible for a sentence reduction under

§ 3582(c)(2) based on the changes to the drug quantity tables made by Amendment 782. *See Koons v. United States*, __ U.S. __, 138 S.Ct. 1783, 1790 (2018) (refuting petitioners' argument that denying them relief under § 3582(c)(2) would create "unjustifiable sentencing disparities" because "[i]dentically situated defendants sentenced today may receive the same sentences as petitioners received" (quotations omitted)).

Since Gilchrist is ineligible for a sentence reduction, the judge appropriately dismissed his § 3582(c)(2) motion for lack of jurisdiction. *See United States v. White*, 765 F.3d 1240, 1250 (10th Cir. 2014). We **AFFIRM**.

Gilchrist's request to proceed on appeal without prepayment of fees (*in forma pauperis* or *ifp*) is **DENIED AS MOOT** because we have reached the merits of this appeal. All other pending motions are **DENIED AS MOOT**.


**Entered by the Court:**


**Terrence L. O'Brien**
United States Circuit Judge