FILED
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**October 14, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CESAR OSBALDO ARMENDARIZ
SOTO,

    Defendant - Appellant.

No. 22-3084
(D.C. No. 2:07-CR-20099-JWL-DJW-16)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **BALDOCK**, and **McHUGH**, Circuit Judges.
_____

Cesar Osbaldo Armendariz Soto appeals, pro se, from the district court's denial of

his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). We review that

decision for abuse of discretion, and we affirm.

In August 2019 Mr. Armendariz Soto pleaded guilty in the United States District

Court for the District of Kansas to various drug (marijuana and cocaine), money

laundering, and firearms violations. The court later found that he had obstructed justice by

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It may
be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

giving false testimony in connection with a motion to withdraw this guilty plea. It therefore denied him a sentence reduction for acceptance of responsibility and enhanced the sentences for each of the offenses to which he had pleaded guilty. It imposed a sentence of 420 months. In October 2015, following Sentencing Commission Amendment 782, it reduced that sentence to 352 months. Mr. Armendariz Soto's projected release date is April 25, 2033.

To secure compassionate release, a prisoner must prove that (1) extraordinary and compelling reasons warrant a sentence reduction; (2) the reduction is consistent with policy statements issued by the Sentencing Commission; and (3) the applicable § 3553(a) factors support relief.[1] *See United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021); *United States v. Maumau*, 993 F.3d 821, 831 (10th Cir. 2021). A district court may consider the three requirements in any order, and it may deny a motion for compassionate release if any

---

[1] The statutory provision governing compassionate release—§ 3582(c)(1)(A)—provides in relevant part:

[T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

one of them is not met. *See United States v. Hald*, 8 F.4th 932, 938, 942 (10th Cir. 2021), *cert. denied*, 142 S. Ct. 2742 (2022).

"We review a district court's order denying relief on a § 3582(c)(1)(A) motion for abuse of discretion." *United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021). Under this standard of review we will not disturb the district court's decision "unless we have a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *United States v. Chavez-Meza*, 854 F.3d 655, 659 (10th Cir. 2017), *aff'd*, 158 S. Ct. 3891 (2018) (internal quotation marks omitted).

The district court denied relief on the ground that Mr. Armendariz Soto had not established extraordinary and compelling reasons for reducing his sentence. He had argued that several factors, taken together, constitute an "extraordinary and compelling reason" for sentence reduction under § 3582(c)(1)(A). *United States v. Armendariz Soto*, 07-20099-16-JWL, 2022 WL 1223639, at *2 (D. Kan. Apr. 26, 2022). We see no error.

Two of the factors raised by Mr. Armendariz Soto concern circumstances that have not changed (factually or legally) since his sentence was revised in 2015. First, he complains that his sentence diverges sharply from those of his co-defendants and that his sentence would be lower were he sentenced today. But the court pointed out the reasons why his originally imposed sentence was longer than the sentences for the others, and it said that a long sentence does not, in itself, support compassionate release. It also noted that the First Step Act's lower mandatory minimums would have no direct effect on Mr. Armendariz Soto's sentence. (The Act reduces sentences for crack cocaine. But Mr.

3

Armendariz Soto pleaded guilty to powder-cocaine charges, and his guideline-range computation was also based on quantities of powder cocaine.) Second, Mr. Armendariz Soto complains that he committed the offenses on which he was sentenced when he was only 19. Again, the court rejected this factor because it had been considered at the original sentencing. The rejection of these factors is consistent with our precedents and with Congress's intent in inaugurating compassionate release: it did so because "there may be unusual cases in which an eventual reduction in the length of a term of imprisonment is justified by *changed circumstances*." S. Rep. No. 98-225, at 55 (1983) (emphasis added).

A third factor raised by Mr. Armendariz Soto was his vulnerability to Covid-19 because of his hypertension and the close conditions of his confinement. But, as the district court noted, he had already survived contraction of the virus and had been vaccinated against it. The district court likewise saw nothing compellingly special about the fact that Mr. Armendariz Soto's mother was severely ill. She was living with an adult grandson as well as with her husband (a truck driver who is frequently away from home), and Mr. Armendariz Soto had not offered clear evidence why the care they provided was insufficient.

Finally, Mr. Armendariz Soto points to evidence of his rehabilitation in prison. But not only is the evidence unremarkable, but 28 U.S.C. § 994(t) instructs the Sentencing Commission that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" under § 3582(c)(1)(A).

The district court concluded that Mr. Armendariz Soto's factors, individually and in total, do not constitute extraordinary and compelling reasons for compassionate release. Its

4

analysis of Mr. Armendariz Soto's claim was eminently reasonable. There was no abuse of discretion.

We **AFFIRM** the district court's denial of Mr. Armendariz Soto's motion for compassionate release. Appellant's motion to proceed without prepayment of costs or fees is granted.

Entered for the Court

Harris L Hartz
Circuit Judge