**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**December 14, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

VICTOR ADRIAN TRUJILLO,

Defendant - Appellant.

No. 21-1323
(D.C. No. 1:19-CR-00380-DDD-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT***

_____

Before **MORITZ**, **SEYMOUR**, and **EBEL**, Circuit Judges.

_____

Victor Trujillo pleaded guilty to illegally possessing ammunition. He challenges his sentence, arguing that the district court legally erred in imposing a four-level enhancement under the United States Sentencing Guidelines (U.S.S.G. or the Guidelines) for possessing a firearm with a defaced serial number. In particular, he contends that the district court applied an outdated and incorrect legal test for constructive possession and therefore failed to make the requisite finding that he intended to possess the firearm. Because we conclude that the district court applied the correct standard and implicitly made the requisite intent finding, we affirm.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

## Background

Authorities were seeking Trujillo because he had absconded from parole and had an active warrant out for his arrest. Trujillo's parole officer was among those searching for Trujillo, and he surveilled a place where Trujillo may have been residing. The parole officer observed Trujillo and a woman get into a vehicle that officers later learned belonged to the woman's incarcerated spouse. Trujillo drove, and the woman sat in the passenger seat. Officers attempted a traffic stop, turning on their lights and sirens. Trujillo initially pulled over, but he swerved back onto the road and attempted to evade the officers. After a short chase, Trujillo ran a stop sign and lost control of the vehicle, colliding with a curb and coming to a stop against a chain-link fence.

As law enforcement removed Trujillo from the vehicle, one officer observed a black handgun in plain view on the driver's side floorboard between Trujillo's feet. That same officer also noticed Trujillo staring at the gun. The passenger (who had exited the vehicle at the officers' commands) later told officers that Trujillo had the gun in his lap when the officers initiated the traffic stop.[1] The gun was loaded with ammunition and had a defaced serial number. Officers then searched Trujillo incident to arrest and found five rounds of ammunition in his front left pocket.[2]

---

[1] The passenger also told officers that Trujillo owned two or three guns and usually had at least one gun with him.

[2] The ammunition in Trujillo's pocket did not match the gun found on the floor. Nor did it match a second loaded gun that officers recovered from the vehicle's glovebox.

Trujillo pleaded guilty to being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1).[3] Based on the gun that officers found at Trujillo's feet, the presentence investigation report included a four-level enhancement for possessing a firearm with a defaced serial number. *See* U.S.S.G. § 2K2.1(b)(4)(B). Trujillo objected to this firearm enhancement, arguing that the evidence did not establish his possession of the gun. The district court overruled Trujillo's objection, determining that a preponderance of the evidence showed Trujillo constructively possessed the gun.

With a total offense level of 23 and a criminal-history category of VI, Trujillo's Guidelines sentencing range was 92 to 115 months. The district court sentenced Trujillo to 100 months in prison and three years of supervised release.[4]

Trujillo appeals.[5]

## Analysis

Trujillo challenges the district court's legal application of the Guidelines, arguing that the district court erroneously imposed the four-level firearm enhancement in § 2K2.1(b)(4)(B) because it used an incorrect legal standard for

---

[3] The government initially indicted Trujillo for being a felon in possession of a firearm, but it later dismissed that indictment after Trujillo pleaded guilty to the possession-of-ammunition count in an information.

[4] The district court also entered, with no objection from Trujillo, the government's preliminary forfeiture order for the two guns and the ammunition, finding "a factual basis connecting the firearms and ammunition to this case" and "a nexus between them and" the offense of conviction. R. vol. 3, 50.

[5] Trujillo's plea agreement includes an appeal waiver, but the government concedes that this appeal falls within an exception to that waiver.

constructive possession. This is an issue we review de novo.[6] *United States v. Farrow*, 277 F.3d 1260, 1262 (10th Cir. 2002).

To prove constructive possession for purposes of this sentencing enhancement, the government needed to show by a preponderance of the evidence that Trujillo had "both the power to control [the gun] *and intent to exercise that control*." *United States v. Samora*, 954 F.3d 1286, 1290 (10th Cir. 2020) (quoting *United States v. Benford*, 875 F.3d 1007, 1016 (10th Cir. 2017)); *see also United States v. Gambino-Zavala*, 539 F.3d 1221, 1229 (10th Cir. 2008) (noting burden of proof for sentencing enhancements). But this understanding of constructive possession is relatively new in this circuit, dating to *United States v. Little*, 829 F.3d 1177 (10th Cir. 2016). Before *Little*, constructive possession in this circuit had no intent requirement, and instead could result from only "knowledge of and access to the contraband." *Gambino-Zavala*, 539 F.3d at 1229.

Trujillo argues that the district court erred by applying the pre-*Little* version of

---

[6] The government suggested at oral argument that plain-error review should apply because Trujillo failed to preserve his Guidelines challenge below. But the government's brief did not raise this preservation problem and did not advocate for plain-error review of Trujillo's entire appeal; instead, the government's brief argued *only* that Trujillo waived any underlying argument that the district court must make an express finding of intent on the record. *See infra* note 7. We therefore decline to consider the government's late-blooming invocation of plain error. *See United States v. De Vaughn*, 694 F.3d 1141, 1154–55 & 1154 n.9 (10th Cir. 2012) ("It is well-settled that arguments inadequately briefed in the opening brief are waived." (quoting *United States v. Cooper*, 654 F.3d 1104, 1128 (10th Cir. 2011))); *Murphy v. City of Tulsa*, 950 F.3d 641, 645 n.4 (10th Cir. 2019) ("[A]rguments made for the first time at oral argument are waived." (quoting *Ross v. Univ. of Tulsa*, 859 F.3d 1280, 1294 (10th Cir. 2017))).

the test for constructive possession and failing to find the required intent, and the government responds to the contrary. Because this dispute turns in large part on a close reading of what occurred at the sentencing hearing, we begin by describing that hearing in some detail.

Explaining the objection to the firearm enhancement, defense counsel argued that the evidence failed to show Trujillo possessed the gun. In support, defense counsel asserted (1) that the passenger's statement about the gun being in Trujillo's lap was not credible and (2) that Trujillo only stared at the gun between his feet because he was surprised to see it there, suggesting that it was dislodged from elsewhere in the vehicle during the crash. The district court then asked the prosecutor to respond, noting that it "agree[d] at least in part" with Trujillo's credibility point and requesting that the prosecutor "lay out . . . the proper standard . . . for possession." R. vol. 3, 54. The prosecutor said that the standard for possession was "dominion and control, knowing it's there, having the ability to control that weapon"—omitting the intent aspect of the test. *Id.* at 55–56. The district court then asked if it had "to find that [Trujillo] knew that the serial number was defaced," and the prosecutor replied in the negative. *Id.* at 56. Apparently confirming this point, the district court then asked if it was "enough that [Trujillo] knowingly had dominion or control of the weapon and that it had a defaced serial number," and the prosecutor replied affirmatively. *Id.* Next, in rebuttal, defense counsel corrected the prosecutor's omission and emphasized that the standard for constructive possession requires both "the ability *and intent* to exercise control over the firearm," noting that "the intent

5

part of this [standard] ha[d] been missing from this conversation thus far." *Id.* at 57 (emphasis added).

The district court then decided to apply the enhancement, concluding that "the preponderance of the evidence show[ed] that [Trujillo] knew that the gun was there and was in at least constructive possession of that weapon." *Id.* at 57–58. It noted that Trujillo did not need to know anything about the status of the serial number and then reiterated that although the gun "may or may not have actually belonged to him," there was enough evidence "to show that he knew it was in the car, had constructive possession, control over that weapon while he was driving the vehicle." *Id.* at 58.

Trujillo contends that the district court failed to find the required intent, highlighting that the prosecutor and the district court discussed only the control portion of the constructive-possession test and did not expressly mention intent. The government agrees that there was no express mention of intent. But it persuasively argues that the district court implicitly found the intent requirement satisfied.[7] In support, the government notes that defense counsel specifically raised the intent requirement at the sentencing hearing, telling the district court that "the intent part of this ha[d] been missing from this conversation thus far." *Id.* at 57. And the district court did not take issue with that portion of defense counsel's argument, instead moving straight from that argument to its conclusion that Trujillo constructively

---

[7] As the government points out, Trujillo does not argue that the district court was required to make an express intent finding on the record. He limits his appellate argument to the position that the district court failed to find intent at all, whether implicitly or explicitly.

possessed the gun. As the government asserts, this "chain of events" suggests that the district "court found the necessary intent, although [it] did not explicitly express such a finding." Aplee. Br. 12.

Resisting this conclusion, Trujillo asserts that defense counsel was forced to bring up the intent element "because the judge had already asked the prosecutor if it was 'enough that [Trujillo] knowingly had dominion or control of the weapon and that it had a defaced serial number.'" Rep. Br. 1–2 (quoting R. vol. 3, 56). He argues that this question shows the district court's "pre[]disposition to rely on a no-intent standard," which the prosecutor confirmed by answering the question affirmatively. *Id.* at 2. He therefore concludes that this court should not assume that defense counsel's correction had any impact.

But the context of the district court's question shows that the district court was seeking information about the extent of the knowledge requirement, not demonstrating any kind of predisposition about the overall standard for constructive possession. The question immediately followed the district court's previous question about whether it had "to find that [Trujillo] *knew* that the serial number was defaced." R. vol. 3, 56 (emphasis added). After the prosecutor answered in the negative, the district court essentially posed the same question in another way, asking whether it was "enough that [Trujillo] knowingly had dominion or control of the weapon and that it had a defaced serial number." *Id.* Rather than showing a predisposition to apply an incorrect standard, this context demonstrates that the district court focused its questioning on the distinction between knowing about the

7

gun and knowing that the serial number was defaced. This colloquy therefore doesn't support Trujillo's position that the district court's failure to expressly discuss the intent requirement means that it applied an incorrect legal test.

Indeed, although Trujillo urges us not to "equate[] the [district] court's silence with acceptance" of defense counsel's rebuttal argument about the intent requirement, Rep. Br. 1, we generally presume that the district court "know[s] the law and appl[ies] it in making [its] decisions," *United States v. Chavez-Meza*, 854 F.3d 655, 659 (10th Cir. 2017) (quoting *United States v. Ruiz-Terrazas*, 477 F.3d 1196, 1201 (10th Cir. 2007)), *aff'd*, 138 S. Ct. 1959 (2018). This presumption supports concluding that the district court heard and accepted defense counsel's correction of the prosecutor's incorrect statement of the test for constructive possession. It further supports declining to interpret the district court's silence about the intent requirement as indication of legal error. We accordingly conclude that the district court applied the correct standard and implicitly found the required intent.[8]

## Conclusion

Because the district court was provided with the correct standard at the sentencing hearing and because we presume that district courts know and apply the

---

[8] We reach this conclusion without relying on the government's position that the district court's forfeiture order—which includes an underlying finding of a nexus between the gun and Trujillo's offense—indicates that the district court implicitly found the intent required for constructive possession. Additionally, because Trujillo does not argue that any intent finding is clearly erroneous, we do not address the government's arguments about the various pieces of evidence that support the intent finding. Likewise, having found no error, we do not address the government's position that any error was harmless.

correct law, we conclude that the district court implicitly found the required intent for

constructive possession. We therefore affirm.

<div style="margin-left: 50%;">

Entered for the Court


Nancy L. Moritz
Circuit Judge

</div>