**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**February 14, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MARLON GUTIERREZ,

    Defendant - Appellant.

No. 22-3139
(D.C. No. 2:17-CR-20007-JAR-4)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **MURPHY**, and **EID**, Circuit Judges.
_____

Appellant Marlon Gutierrez, proceeding pro se, appeals the district court's denial of his compassionate-release motion under 18 U.S.C. § 3582(c)(1)(A). The government chose not to file a response. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

From 2015 to 2017, Gutierrez conspired with at least eight co-defendants to distribute methamphetamine and other drugs out of his rental home in Kansas City, Kansas, where he lived with his girlfriend and her minor children. In 2019, Gutierrez pleaded guilty to one count of conspiracy to possess methamphetamine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), 846, and 860a. In October 2020, the district court sentenced Gutierrez to 260 months' imprisonment and five years' supervised release.

In September 2021, Gutierrez administratively requested compassionate release from prison due to his health conditions. The prison denied his request.

In March 2022, Gutierrez, proceeding pro se, filed a compassionate-release motion in the district court under 18 U.S.C. § 3582(c)(1)(A)(i), asking the court to reduce his sentence to time served. Gutierrez argued that the COVID-19 outbreak at the Oakdale Federal Prison and his "particular medical vulnerabilities" presented extraordinary and compelling reasons to reduce his sentence. R. vol. 4, at 18–21. Gutierrez explained that he is "particularly medically vulnerable [to COVID-19 infection] because he is 42 years old, suffers from asthma, diabetes, and morbid obesity." *Id.* at 20. He also argued that he is a "fully rehabilitated[] first-time offender[] who presents no likelihood of specific or general danger . . . of future criminal activity." *Id.* at 21.

Gutierrez also addressed the sentencing factors in 18 U.S.C. § 3553(a) and argued that these factors supported reducing his sentence to time served. He acknowledged that he had committed a serious offense, but he argued that his health risks and the availability of supervised release as an alternative punishment outweighed the need for him to complete his original sentence.

The government responded to Gutierrez's motion by pointing out that Gutierrez was vaccinated for COVID-19 in spring 2021. Though he tested positive for COVID-19 in February 2022, Gutierrez hadn't experienced severe effects. So the government argued that Gutierrez failed to establish extraordinary and compelling reasons for compassionate release under § 3582(c)(1)(A)(i). The government also argued that the § 3553(a) factors weighed against reducing Gutierrez's sentence to time served because doing so "would seriously diminish the nature and seriousness of his offense and the need for his sentence to continue to provide just punishment and otherwise promote respect for the law." R. vol. 4, at 153–54.

The district court denied Gutierrez's motion for compassionate release. *United States v. Gutierrez*, No. 17-cr-20007-04-JAR, 2022 WL 2528082, at *1 (D. Kan. July 7, 2022). The court found that "Gutierrez's vaccination status mitigates his risk such that his medical conditions do not present an extraordinary and compelling reason for a sentence reduction." *Id.* at *2. The court held that Gutierrez failed to "establish extraordinary and compelling reasons for compassionate release." *Id.* at *3.

3

The court also addressed the § 3553(a) factors, reasoning that "releasing Gutierrez at this relatively early stage would not reflect the seriousness of his offense, promote respect for the law, provide just punishment, afford adequate deterrence, or protect the public." *Id.* at *4. The court explained that "the 260-month sentence originally imposed remains sufficient, but not greater than necessary, to meet the sentencing factors in § 3553(a) and punish the offense involved." *Id.*

## STANDARD OF REVIEW

We review a district court's order denying a § 3582(c)(1)(A) motion for abuse of discretion. *United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021) (citation omitted). "A district court abuses its discretion when it relies on an incorrect conclusion of law or a clearly erroneous finding of fact." *Id.* (quoting *United States v. Battle*, 706 F.3d 1313, 1317 (10th Cir. 2013)). Because Gutierrez proceeds pro se, we construe his pleadings liberally without acting as his advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted).

## DISCUSSION

Federal courts are generally forbidden from modifying a term of imprisonment after it has been imposed. *Freeman v. United States*, 564 U.S. 522, 526 (2011) (quoting 18 U.S.C. § 3582(c)). But this "rule of finality is subject to a few narrow exceptions," including when a defendant moves for a sentence reduction under § 3582(c)(1). *United States v. Maumau*, 993 F.3d 821,

4

830 (10th Cir. 2021) (quoting *Freeman*, 564 U.S. at 526). We often refer to

§ 3582(c)(1) motions as compassionate-release motions. *See id.* at 826.

District courts follow a three-step test in evaluating compassionate-

release motions. *Id.* at 831 (citations omitted). First, the court "must find

whether extraordinary and compelling reasons warrant a sentence reduction." *Id.*

(cleaned up). Second, the court "must find whether such reduction is consistent

with applicable policy statements issued by the Sentencing Commission." *Id.*

(cleaned up). And third, the court must "consider any applicable § 3553(a)

factors and determine whether, in its discretion, the reduction authorized by

steps one and two is warranted in whole or in part under the particular

circumstances of the case."[1] *Id.* (cleaned up). District courts may deny a

compassionate-release motion on any of the three steps without addressing the

others. *United States v. Hald*, 8 F.4th 932, 942 (10th Cir. 2021) (quoting *United

States v. McGee*, 992 F.3d 1035, 1043 (10th Cir. 2021)).

On appeal, Gutierrez doesn't present a clear theory of how the district

court abused its discretion in denying his compassionate-release motion—

---

[1] The § 3553(a) factors include (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) the need for the sentence to "reflect the seriousness of the offense," deter future crime, protect the public, and effectively provide the defendant with treatment; (3) "the kinds of sentences available;" (4) "the kinds of sentence and the sentencing range established" for the offense at the time of sentencing; (5) certain policy statements issued by the Sentencing Commission; (6) the need to avoid "unwarranted sentencing disparities" among similarly situated defendants; and (7) the need for victim restitution. 18 U.S.C. § 3553(a).

instead, he seems to claim that the district court didn't err at all. He concedes

that the district court applied the correct law and properly decided the facts, and

he states that "[t]he district court's judgment was not wrong." Opening Br. 5.

But he argues that the district court failed to consider important grounds for

relief: "Sentence disparity review, medical conditions, post-rehabilitation

progress that work in favor and satisfy the [§] 3553 factors."[2] *Id.* at 4.

As Gutierrez appears to concede in his brief, the district court didn't

abuse its discretion by relying "on an incorrect conclusion of law or a clearly

erroneous finding of fact." *Hemmelgarn*, 15 F.4th at 1031 (quoting *Battle*, 706

F.3d at 1317). The district court properly found that Gutierrez's "vaccination

status mitigates his risk such that his medical conditions do not present an

extraordinary and compelling reason for a sentence reduction." *Gutierrez*, 2022

WL 2528082, at *2. A district court doesn't abuse its discretion by finding that

a defendant who receives and benefits from the COVID-19 vaccine fails to

establish extraordinary and compelling reasons warranting a sentence reduction.

*United States v. McRae*, No. 21-4092, 2022 WL 803978, at *2–3 (10th Cir. Mar.

17, 2022) (unpublished) (citation omitted). Gutierrez received the COVID-19

---

[2] Gutierrez's appellate brief seems to raise a new argument about an alleged sentencing disparity. To the extent that Gutierrez's brief raises a new and independent argument about a sentencing disparity, Gutierrez has waived this argument because he didn't raise it before the district court in his compassionate-release motion. Except in extraordinary circumstances, we won't consider arguments raised for the first time on appeal. *McDonald v. Kinder-Morgan, Inc.*, 287 F.3d 992, 999 (10th Cir. 2002) (citation omitted).

vaccine, and he appeared to benefit from it because he didn't experience severe complications from his COVID-19 infection. So the district court didn't abuse its discretion by finding that Gutierrez failed to show an extraordinary and compelling need for a sentence reduction. *See id.*

Nor did the district court abuse its discretion by holding on alternative grounds that the § 3553(a) factors didn't support a sentence reduction. We can reverse a district court's weighing of the § 3553(a) factors only if we are left with "a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Hald*, 8 F.4th at 949 (quoting *United States v. Chavez-Meza*, 854 F.3d 655, 659 (10th Cir. 2017)). Here, the district court weighed the § 3553(a) factors and found that the seriousness of Gutierrez's offense and the need to deter similar criminal activity weighed against reducing his sentence. *Gutierrez*, 2022 WL 2528082, at *4. Gutierrez committed a serious drug crime, and he has served less than half of his sentence. We aren't left with a definite and firm conviction that the district court erred in holding that Gutierrez's sentence was sufficient but not greater than necessary to serve the purposes of § 3553(a).

## CONCLUSION

The district court didn't abuse its discretion by denying Gutierrez's compassionate-release motion. We affirm.

Entered for the Court

Gregory A. Phillips
Circuit Judge