FILED
United States Court of Appeals
Tenth Circuit

**January 31, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JUAN DAVID PINEDA-RODRIGUEZ,

    Defendant - Appellant.

No. 24-2052
(D.C. No. 2:22-CR-02020-MIS-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **MURPHY**, and **EID**, Circuit Judges.
_____

Juan Pineda-Rodriguez appeals from an order of the district court denying his

18 U.S.C. § 3582(c) motion for a sentence reduction. He contends the district court

failed to adequately explain its decision. This court concludes the "context and the

record make clear that the [district court] had a reasoned basis" for denying Pineda-

Rodriguez a sentence reduction. *See Chavez-Meza v. United States (Chavez-Meza II)*,

585 U.S. 109, 117 (2018) (quotation omitted). Accordingly, exercising jurisdiction

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, this court **affirms** the district court's order.

Pineda-Rodriguez illegally reentered the United States while on supervised release for a 2019 illegal-reentry conviction. He was charged with one count of violating 8 U.S.C. § 1326 and entered a fast-track guilty plea. *See* U.S.S.G. § 5K3.1. The United States Probation Office prepared a presentence investigation report ("PSR"). As to Pineda-Rodriguez's criminal history category, the PSR noted two previous illegal reentry offenses and one previous conviction for selling heroin. These three prior convictions resulted in eight criminal history points. The PSR added two additional "status points" pursuant to U.S.S.G. § 4A1.1(d) (2021).[1] At the time, § 4A1.1(d) provided as follows: "Add **2** [criminal history] points if the defendant committed the instant offense while under . . . supervised release." With the addition of two status points, Pineda-Rodriguez's criminal history points totaled ten, resulting in a criminal history category of V. His offense level, calculated pursuant to the provisions of U.S.S.G. § 2L1.2, was sixteen. The offense level was reduced by three levels pursuant to the acceptance-of-responsibility provisions of U.S.S.G. § 3E1.1. Finally, Pineda-Rodriguez's offense level was reduced an additional two levels pursuant to § 5K3.1's fast-track departure provisions. With a

---

[1] *See United States v. Fargas-Reyes*, Nos. 23-1502, -1503, 2025 WL 65824, at *4 (1st Cir. Jan. 10, 2025) (noting that the two additional criminal history points mandated by the previous version of § 4A1.1(d) were "known in sentencing parlance as a status-points adjustment").

criminal history category of V and an offense level of eleven, Pineda-Rodriguez's advisory guideline range was 24 to 30 months' imprisonment. The PSR concluded there was nothing about the case warranting a variance from the applicable guideline range.

At the sentencing hearing, Pineda-Rodriguez sought a sentence at the midpoint of the applicable range (i.e., 27 months' imprisonment). The government sought a sentence at the top of the guideline range (i.e., 30 months' imprisonment), noting Pineda-Rodriguez previously received a 30-month sentence for his 2019 conviction for illegal reentry. The district court imposed a sentence of 30 months' imprisonment. It noted that after being released from custody on his 2019 illegal-reentry conviction, Pineda-Rodriguez returned to the United States within a month. The district court also noted Pineda-Rodriguez had a previous conviction for selling heroin.

Approximately six months after the district court imposed sentence, the United States Sentencing Commission promulgated Amendment 821. *See* U.S.S.G. app. C, amend. 821 (Nov. 1, 2023). The Sentencing Commission made relevant portions of Amendment 821 retroactively applicable as of February 1, 2024. *See* U.S.S.G. app. C, amend. 825 (Nov. 1, 2023); U.S.S.G. § 1B1.10(d), (e)(2). Amendment 821 altered the status-points provision of § 4A1.1 so that it now reads as follows: "Add **1** point if the defendant [] receive[d] 7 or more [criminal history] points . . . and [] committed the instant offense while under . . . supervised release." U.S.S.G. 4A1.1(e). Under this revised provision, Pineda-Rodriguez's total number of criminal history points

would be reduced from ten to nine and his corresponding criminal history category would change from V to IV.

In anticipation of Amendment 821's February 1, 2024, date of retroactivity, the Probation Office produced a memorandum informing the district court Pineda-Rodriguez was eligible for a reduced sentence.[2] As relevant to non-eligibility considerations, the memorandum noted Pineda-Rodriguez: (1) had not incurred any

---

[2] Although the parties agree Pineda-Rodriguez was eligible for a § 3582(c)(2) sentence reduction, the record does not contain a detailed analysis of why this is true. Because the eligibility determination bears on the reasonableness of the district court's explanation of its denial of Pineda-Rodriguez's motion, some analysis is helpful. Eligibility for a § 3582(c)(2) sentence reduction turns on only a portion of the original sentencing calculations. *See* U.S.S.G. § 1B1.10 cmt. n.1(A) ("Eligibility for consideration under [§ 3582(c)(2)] is triggered only by [a retroactive] amendment . . . that lowers the applicable guideline range (i.e., the guideline range that corresponds to the offense level and criminal history category determined pursuant to 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance)."). Accordingly, in determining eligibility, the fast-track departure in the district court's original sentencing decision must be disregarded. *See id.*; *see also id.* § 1B1.10 cmt. n.3. Thus, solely for eligibility purposes, Pineda-Rodriguez had an offense level of 13 and a criminal history category of V at his original sentencing, resulting in an advisory range of 30 to 37 months' imprisonment. Although this is the operative range for eligibility purposes, the district court employed a range of 24 to 30 months at the original sentencing hearing because of application of the fast-track departure. Post-Amendment 821, Pineda-Rodriguez's offense level of thirteen would not change. His criminal history category, however, would drop from ten to nine. That is, instead of receiving two status points under § 4A1.1(d) (2021), he would receive only one such point under § 4A1.1(e). Nine criminal history points equal a criminal history category of IV, one category lower than the category applicable at Pineda-Rodriguez's original sentencing. An offense level of thirteen and criminal history category of IV results in a sentencing range of 24 to 30 months' imprisonment. Because, for eligibility purposes, Amendment 821 lowered Pineda-Rodriguez's sentencing range of 30 to 37 months to 24 to 30 months' imprisonment, Pineda-Rodriguez is eligible for a sentence reduction. Nevertheless, the resulting range is the same range the district court considered at the original sentencing proceeding. *See* U.S.S.G. § 1B1.10 cmt. n.3.

disciplinary infractions while in custody; (2) had not participated in any educational courses while in custody; (3) had been in continuous custody since September 27, 2022, and estimated that, absent a § 3582(c) reduction, he would be released on September 20, 2025; (4) is a citizen of Mexico with no legal status in the United States. Thereafter, on March 25, 2024, Pineda-Rodriguez and the government submitted to the district court a Stipulated Motion for Sentence Reduction Under Guideline Amendment 821. The stipulation established Pineda-Rodriguez's eligibility for a reduction and simply stated as follows as to the appropriateness of a reduction:

> 5. A reduction is consistent with the Sentencing Reform Act, the guideline policy statements, and 18 U.S.C. § 3553(a). If the reduction is less than the amount of time the defendant has already served, the sentence should be reduced to a time-served sentence. U.S.S.G. §1B1.10 cmt. n.3.

> 6. Assistant United States Attorney Terri Abernathy has been consulted, and the Government joins in requesting a reduction in Defendant's sentence to 24 months of imprisonment.

The district court denied the stipulated motion in an AO Form 247 check-a-box order. That order specifically noted the district court considered Pineda-Rodriguez's motion and took "into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a)."

Pineda-Rodriguez asserts this court must remand to the district court to provide an adequate explanation of its decision to deny his § 3582(c)(2) motion for a sentence reduction. Applying the Supreme Court's decision in *Chavez-Meza II*, which also involved the use of an AO Form 247 check-a-box order, this court

5

concludes the district court's order is adequate to enable appellate review (i.e., "the [district court's] explanation (minimal as it was) fell within the scope of the lawful professional judgment that the law confers upon the sentencing judge"). 585 U.S. at 120.[3]

Although Pineda-Rodriguez argues otherwise, this is not a complex case. *See id.* at 114 (noting lack of complexity in underlying district court proceedings supported reasonableness of the district court's use of AO Form 247). At his original sentencing proceeding, the district court correctly employed a 24 to 30 month sentencing range. The district court refused Pineda-Rodriguez's request for a sentence at the middle of that range, noting Pineda-Rodriguez's criminal history included past illegal-reentry and heroin-distribution convictions. Indeed, the district court noted Pineda-Rodriguez returned to the United States within one month after his release from imprisonment on his 2019 illegal-reentry conviction. The record reveals the reentry was in violation of the terms of supervised release imposed in his 2019 conviction. Thus, the record makes clear the district court was unwilling to

---

[3] The United States urges us to rely on this court's opinion in *United States v. Chavez-Meza ("Chavez-Meza I")*, 854 F.3d 655 (10th Cir. 2017), rather than the Supreme Court's decision on certiorari review, *Chavez-Meza II*, 585 U.S. at 120, in resolving this appeal. In particular, the United States asserts that pursuant to this court's opinion in *Chavez-Meza I*, § 3582(c)(2) "does not require additional explanation when a district court imposes a guidelines sentence and affirmatively states that it considered the § 3553(a) factors in its decision." 854 F.3d at 656. As was true of the Supreme Court in *Chavez-Meza II*, "[w]e need not go so far. Even assuming (purely for argument's sake) district courts have equivalent duties when initially sentencing a defendant and when later modifying the sentence, what the District Court did here was sufficient." 585 U.S. at 115.

choose a sentence below the top of the 24-to-30-month range and that the district court's decision in that regard was undeniably reasonable. *Id.* at 119 ("[A]s we have made clear before, a sentence modification is not a plenary resentencing proceeding. We therefore need not turn a blind eye to what the judge said at petitioner's initial sentencing." (quotation and citation omitted)). This is especially true because the original sentencing hearing occurred slightly less than a year before the district court considered and denied the § 3582(c)(2) request for a sentence reduction.

Given this history, nothing in the record calls out for a more detailed discussion of the denial of Pineda-Rodriguez's § 3582(c)(2) motion. The Probation Office's memorandum merely noted that while eligible for a § 3582(c)(2) reduction, the governing sentencing range was unchanged. Otherwise, that memorandum merely noted Pineda-Rodriguez had no disciplinary infractions while imprisoned but, counterbalancingly, had made no efforts to improve his lot via prison education programs. Likewise, Pineda-Rodriguez's stipulated motion merely asserted a conclusion, without reference to any particular factors, that a reduction would be consistent with § 3553(a). The only real change in circumstance identified in Pineda-Rodriguez's stipulated motion was the government's agreement, in contrast to its request for a 30-month sentence at the original sentencing proceeding, that a reduced sentence of 24 months' imprisonment was appropriate. Notably, however, the motion did not state any § 3553(a)-anchored reason for the government's conclusion.

It is only necessary to briefly summarize this state of affairs to demonstrate why this case is suitable for resolution via AO Form 247. Although technically

7

eligible for a sentence reduction, the old and new sentencing ranges are identical.[4]
The record of the original sentencing proceeding demonstrates a strong and
reasonable commitment on the part of the district court to a top-of-the-range
sentence. Neither the Probation Office's memorandum nor Pineda-Rodriguez's
stipulated motion provided the district court with a compelling § 3553(a)-based
reason to deviate from the commitment. Thus, under the governing rule set out in
*Chavez-Meza II*, the district court's explanation was sufficient. 585 U.S. at 120. That
is not to say, however, that a slightly more fulsome explanation would not have
benefitted the parties and judicial system: "Judicial decisions are reasoned decisions.
Confidence in a judge's use of reason underlies the public's trust in the judicial
institution. A public statement of those reasons helps provide the public with the
assurance that creates that trust." *Id.* at 113. Nevertheless, in declining to do so here,
and instead utilizing AO Form 247, the district court operated within the wide bounds
of its "professional judgment." *Id.*

---

[4] This unique factor demonstrates why, in contrast to Pineda-Rodriguez's arguments, *Chavez-Meza II* is directly applicable here. Pineda-Rodriguez attempts to distinguish *Chavez-Meza II* by arguing that case involved the grant of a sentence reduction, while this case involves a denial of a motion. Here, however, the applicable sentencing range both before and after Amendment 821 was the same. And, importantly, Pineda-Rodriguez's sentence after the district court's denial of his § 3582(c)(2) motion remained within the applicable range. "When a judge applies a sentence within the Guidelines range, he or she often does not need to provide a lengthy explanation." *Chavez-Meza II*, 585 U.S. at 113. Thus, under the unique facts of this case, the district court's action, although technically a denial of the request for a sentence reduction, easily falls within the rubric of *Chavez-Meza II*.

For those reasons set out above, the order of the United States District Court for the District of New Mexico is hereby **AFFIRMED**.

Entered for the Court


Michael R. Murphy
Circuit Judge