FILED
**United States Court of Appeals**
**Tenth Circuit**

**March 29, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

HAROLD CREIGHTON, a/k/a Creature,

    Defendant - Appellant.

No. 22-8030
(D.C. No. 2:15-CR-00101-SWS-5)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **McHUGH**, **MURPHY**, and **CARSON**, Circuit Judges.
_____

In this appeal, Harold Creighton challenges the district court's denial of his

motion for a sentence reduction under 18 U.S.C. § 3582. Also before us is his

counsel's motion to withdraw under *Anders v. California*, 386 U.S. 738 (1967),

asserting there are no non-frivolous grounds for appeal. Upon independent review of

the record, we conclude there are no grounds for appeal that are not "wholly

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

frivolous." Accordingly, we grant counsel's motion to withdraw, and we dismiss the appeal.

## I.     BACKGROUND

In 2015, a jury found Mr. Creighton guilty of one count of conspiracy to possess with intent to distribute, and to distribute, over 500 grams of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and § 846. Based on the quantity of methamphetamine and Mr. Creighton's criminal history, including prior drug-related felonies, the district court sentenced him to the mandatory term of life imprisonment.

In December 2021, Mr. Creighton filed a motion requesting sentence reduction under 18 U.S.C. § 3582(c)(1)(A). Pursuant to this provision, on a defendant's motion, the district court may reduce the defendant's sentence, once he has exhausted his administrative remedies, if it finds that such a reduction is (1) warranted by "extraordinary and compelling reasons"; (2) "consistent with applicable policy statements issued by the Sentencing Commission"[1]; and (3) supported by consideration of the relevant factors set forth in § 3553(a), as applicable to the circumstances of the case. *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir.

---

[1] This court has previously held that the Sentencing Commission's most recent policy statement, which was issued prior to the amendment of § 3582(c)(1)(A) in 2018, is "applicable only to motions for sentence reductions filed by the Bureau of Prisons, and not to motions filed directly by defendants." *United States v. McGee*, 992 F.3d 1035, 1050 (10th Cir. 2021). Thus, Mr. Creighton need not demonstrate that his sentence reduction would be consistent with this policy statement.

2

2021). A district court may deny the defendant's motion for sentence reduction "when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking[.]" *Id.* at 1043 (internal quotation marks omitted).

In moving for reduction of his sentence, Mr. Creighton argued he had exhausted his administrative remedies and that statutory reforms since his sentencing in 2015 have created "a huge disparity in sentencing" constituting "extraordinary and compelling reasons[] that warrant a reduction in sentence[.]" ROA Vol. I at 40. Specifically, Mr. Creighton argued that, were he sentenced today, he would "be subject to 25 years under the new statutory penalties" rather than life imprisonment. *Id.* Mr. Creighton further argued he no longer posed a danger to the community, highlighting his work as a tutor, his lack of disciplinary incidents since 2019, and his participation in educational programing while incarcerated. *Id.* at 41–42, 86. Lastly, Mr. Creighton asked the court to consider his interest in being present as a caregiver for his disabled mother, ailing stepfather, and five-year-old son. *Id.* at 43, 85–86.

The Government agreed that Mr. Creighton had exhausted his administrative remedies and that, if sentenced today, "he would not have received a mandatory life sentence." *Id.* at 75. Applying today's Sentencing Guidelines, the Government calculated Mr. Creighton would probably "be[] subject to a mandatory fifteen year minimum, with an advisory guideline range of 168–210 months[.]" *Id.* However, the Government argued that disparity alone was insufficient to demonstrate extraordinary and compelling reasons for sentence reduction absent some "individualized, special

circumstances that might separate out [Mr. Creighton's] case as one specially deserving of consideration." *Id.* at 79. Additionally, the Government argued consideration of the 18 U.S.C. § 3553(a) factors "as they relate to [Mr. Creighton] and his crime would not favor his motion even had he otherwise established an extraordinary and compelling reason." *Id.* at 80. Specifically, the Government noted Mr. Creighton's extensive criminal history, including three prior drug felonies; his ostensibly unresolved substance abuse issues; and his "concerning" behavior before and during his trial "attempting to influence and/or intimidate witnesses against him[.]" *Id.* at 80–82.

Ultimately, the district court denied Mr. Creighton's motion for sentence reduction. In doing so, the court concluded Mr. Creighton had not satisfied any of the necessary requisites for sentence reduction under § 3582(c)(1)(A). As a threshold matter, the court concluded Mr. Creighton had not satisfactorily exhausted his administrative remedies. It found his email to the warden, stating in total, "'[I] would like to be considered for compassionate release. [T]hank you[,]'" did not provide the Bureau of Prisons ("BOP") with an "opportunity to consider [Mr. Creighton's] claimed extraordinary and compelling reasons underlying his request for relief." *Id.* at 102–03 (quoting *id.* at 45).

Next, even assuming Mr. Creighton had exhausted his administrative remedies, the court concluded he had not demonstrated extraordinary and compelling reasons to support sentence reduction. The district court agreed that, if sentenced

4

under today's statutory guidelines, Mr. Creighton would face a 25-year mandatory minimum. But the court concluded that disparity alone was insufficient to justify a sentence reduction and that "[t]he combination of factors presented by Mr. Creighton [did] not amount to extraordinary and compelling reasons." *Id.* at 104.

Lastly, the district court decided that, even if Mr. Creighton had demonstrated extraordinary and compelling reasons for sentence reduction, the § 3553(a) factors would not support modifying his sentence. The court concluded the nature and circumstances of his offense, as well as his extensive criminal history which "suggest[ed] the only times he wasn't actively committing crimes as an adult were during periods of incarceration," weighed against any sentence reduction. *Id.* at 107. The court also determined that "a sentence reduction would fail to reflect the seriousness of the offense, fail to promote respect for the law, and fail to provide just punishment for the offense." *Id.* at 107. It concluded that, "[b]ased on Mr. Creighton's criminal history and current lack of intensive drug treatment, his continued imprisonment [was] necessary to protect the public from further criminal conduct." Lastly, the court noted Mr. Creighton's behavior during trial when he (1) allegedly requested that a relative make a Facebook post regarding government witness CW3's testimony, saying in essence, "thanks [CW3] for lying"; (2) mailed a law enforcement report summarizing CW3's proffer to his mother; and (3) gestured to a defense witness while the witness was on the stand, but before the jury entered, including at one point "pressing his index finger to his lips in a 'shh' motion." *Id.* at

107–08. The court concluded these attempts to intimidate witnesses or obstruct their testimony demonstrated Mr. Creighton's "need for a very high level of rehabilitation before [the] court might consider him to present an acceptably low risk of recidivism." *Id.* at 108. In sum, the district court held that "the life imprisonment required by Congress at the time of Mr. Creighton's misconduct and sentencing is sufficient but not greater than necessary to meet the goals of sentencing in this case." *Id.*

Mr. Creighton filed a timely notice of appeal of the district court's judgment denying his sentence reduction. Mr. Creighton's counsel now moves to withdraw because there are no non-frivolous grounds for appeal.

## II.     STANDARD OF REVIEW

Under *Anders*, counsel may "request permission to withdraw where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005) (citing *Anders*, 386 U.S. at 744). "[C]ounsel must submit a brief to the client and the appellate court indicating any potential appealable issues based on the record." *Id.* Then, in his own submission to the court, the client may also raise any points he chooses. *Anders*, 386 U.S. at 744. We must then independently examine the record to determine whether appeal would be "wholly frivolous." *Id.* If we conclude there are no non-frivolous grounds for appeal, we may grant counsel's request to withdraw and dismiss the appeal. *Id.*

6

This court "review[s] a district court's order denying relief on a § 3582(c)(1)(A) motion for abuse of discretion." *United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021). "A district court abuses its discretion when it relies on an incorrect conclusion of law or a clearly erroneous finding of fact." *Id.* (quotation marks omitted). The broad discretion district courts hold in determining whether to modify a sentence "counsels in favor of deferential appellate review." *Concepcion v. United States*, 142 S. Ct. 2389, 2404 (2022). Thus, "[w]e do not disturb decisions entrusted . . . to the discretion of a district court unless we have a definite and firm conviction that the [] court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *United States v. Chavez-Meza*, 854 F.3d 655, 659 (10th Cir. 2017), *aff'd*, 138 S. Ct. 1959 (2018).

## III.    DISCUSSION

Counsel's *Anders* brief acknowledges there *are* non-frivolous arguments that could be made regarding the district court's determinations that Mr. Creighton had not exhausted his administrative remedies and had not established extraordinary and compelling reasons for sentence reduction. But counsel asserts the same cannot be said of the court's application of the § 3553(a) factors. Counsel notes the district court's ruling was based on consideration of the correct § 3553(a) factors and that there are no non-frivolous arguments that the ruling was based on any incorrect conclusions of law. Counsel also acknowledges the fact the court expressly discussed some, but not all, of the § 3553(a) factors is not a basis for alleging any legal error.

7

Further, Counsel states there is no non-frivolous basis for arguing any of the district court's factual findings were clearly erroneous. Counsel then concludes that the fact no non-frivolous arguments can be made against the district court's application of the § 3553(a) factors "is fatal to Mr. Creighton's appeal." Counsel's *Anders* Br. at 10.

In his pro se submissions to us, Mr. Creighton argues the district court erred in its conclusion that the § 3553(a) factors did not support reducing his sentence. First, Mr. Creighton argues the district court erred by failing to consider relevant § 3553(a) factors, including: whether the sentence "reflected the seriousness of the offense," "promote[d] respect for the law, provide[d] just punishment, afford[ed] adequate deterrence, or provide[d] [him] with necessary training and care"; "the kinds of sentences available"; the "sentencing range established"; and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct[.]" Appellant's Nov. 22, 2022, pro se Br. at 16. Second, Mr. Creighton argues the district court "abused its discretion [by] not allowing it self [*sic*] to see past [his] criminal record of minor assaults and drug cases, relating to his drug addiction" and in doing so "completely ignored *Pepper v. United States*." *Id.* at 15 (citing 562 U.S. 476 (2011)). Third, Mr. Creighton argues the district court relied on "erroneous findings of fact" in its assessment of his behavior during trial. *Id.* at 17. We consider each argument in turn.

As discussed, the district court may deny a defendant's motion for sentence reduction "when any of the [] prerequisites listed in § 3582(c)(1)(A) is lacking[.]"

8

*McGee*, 992 F.3d at 1043 (quotation marks omitted). Thus, even if Mr. Creighton does have non-frivolous arguments regarding his exhaustion of administrative remedies and demonstration of extraordinary and compelling circumstances, the district court's denial of his motion would still stand on its determination that the § 3553(a) factors did not warrant a reduction. To sustain his appeal, Mr. Creighton must have some non-frivolous ground for reversal of the district court's analysis of the § 3553(a) factors.

In relevant part, § 3553(a) sets forth the following factors to be considered:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed--

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentences and the sentencing range established for--

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct[.] . . .

9

18 U.S.C. § 3553(a). "[T]he weighing of the § 3553(a) factors is committed to the discretion of the district court[.]" *United States v. Hald*, 8 F.4th 932, 949 (10th Cir. 2021). Thus, "we cannot reverse unless we have a definite and firm conviction that the [] court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Id.* (internal quotation marks omitted). In considering the § 3553(a) factors, the district court "need not expressly discuss every § 3553(a) factor or every fact a defendant marshals in support" of his motion for sentence reduction. *United States v. Chavez-Cadenas*, No. 21-3156, 2021 WL 6071559, at *3 (10th Cir. Dec. 21, 2021) (citing *Hald*, 8 F.4th at 948 (rejecting argument "that the district court erred by failing to mention some of [defendant's] mitigating arguments")). Overall, the district court "need only set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *Hald*, 8 F.4th at 948 (quoting *Chavez-Meza*, 138 S. Ct. at 1964).

Here, the district court expressly grounded its conclusion that the § 3553(a) factors counseled against sentence reduction, in "the nature and circumstances of th[e] offense and Mr. Creighton's history and characteristics[,]" and the need for the sentence "to reflect the seriousness of the offense, [] to promote respect for the law, and [] to provide just punishment for the offense." ROA Vol. I at 107. The court expressly considered Mr. Creighton's new offense; his extensive criminal history, which included three prior drug felonies, several instances of violence, and

10

possession of a firearm as a felon; and the sentencing range applicable at the time of Mr. Creighton's criminal acts and sentencing. In concluding that "continued imprisonment is necessary to protect the public from further criminal conduct, the court noted there was no record of Mr. Creighton having participated in "intensive drug treatment" while incarcerated. *Id.* Additionally, Mr. Creighton's criminal history "suggest[ed] the only times he wasn't actively committing crimes as an adult were during prior periods of incarceration." *Id.* Lastly, the court discussed Mr. Creighton's behavior during trial, as chronicled in the Probation Office's Presentence Investigation Report, as a "consideration militating against a sentence reduction[.]" *Id.* (citing ROA Vol. II at 36–37).

Thus, contrary to Mr. Creighton's argument on appeal, the district court did consider whether his sentence reflected the seriousness of his offense, promoted respect for the law, and provided just punishment, as well as the then-applicable sentencing range. The court found these factors weighed *against* modifying Mr. Creighton's sentence.

Mr. Creighton's objection that the court did not discuss other potentially relevant § 3553(a) factors is also unavailing. The court need not expressly discuss all of the § 3553(a) factors in announcing its decision on a defendant's motion for sentence reduction. Based on the record before us, it is apparent the district court considered the relevant § 3553(a) factors and found the weight of those factors did not support reducing Mr. Creighton's sentence. Nothing in the court's discussion of

11

those factors suggests it "made a clear error of judgment or exceeded the bounds of permissible choice[.]" *Hald*, 8 F.4th at 949.

Further, the district court considered Mr. Creighton's conduct since sentencing as permitted by *Pepper v. United States*. In *Pepper*, the Supreme Court held "a district court at resentencing may consider evidence of the defendant's postsentencing rehabilitation and that such evidence may, in appropriate cases, support a downward variance" from the recommended sentencing range. 562 U.S. at 481. Similarly, the Supreme Court has held that a district court ruling on a motion for sentence reduction may "consider intervening changes of law or fact[,]" including postsentencing "evidence of rehabilitation" or "evidence of violence or prison infractions[.]" *Concepcion*, 142 S. Ct. at 2403–05. Importantly, the Court also emphasized that § 3582(c)(1)(A) "does not require a district court to accept a movant's argument that evidence of rehabilitation or other changes in law counsel in favor of a sentence reduction[.]" *Id.* at 2404–05.

Here, the district court considered evidence of Mr. Creighton's postsentencing rehabilitation as well as his postsentencing prison infractions. Nothing in the record or the district court's opinion suggests the court abused its discretion in determining Mr. Creighton's criminal record and evidence of postsentencing infractions outweighed the evidence of his postsentencing rehabilitation.

Lastly, the record does not support Mr. Creighton's argument that the district court relied on "erroneous findings of fact" in its consideration of his behavior during

12

trial. "A finding of fact is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). As an initial matter, Mr. Creighton did not raise his concerns with the Government's account of his conduct during trial before the district court. Because Mr. Creighton failed to raise this issue before the district court, he may not raise it on appeal other than through the lens of plain error. *See Calderon*, 428 F.3d at 932. Mr. Creighton does not argue plain error, and so this issue is waived. *See United States v. Leffler*, 942 F.3d 1192, 1196 (10th Cir. 2019). Even considering his argument on its merits, it does not demonstrate the district court relied on clearly erroneous findings of fact. The district court's chronicle of Mr. Creighton's conduct during trial drew directly from the Probation Office's Presentence Investigation Report. While Mr. Creighton made particularized objections to other contents of the Report, he made no objection to its description of his alleged conduct during trial. Before this court, Mr. Creighton argues that he (1) "was incarcerated with no internet access" and therefore should not bear blame for a Facebook post "calling a cooperating witness a 'rat'" and (2) was merely communicating with the witness "using a common prison method of sign language" to "say[] hello and catch[] up." Appellant's Nov. 22, 2022, pro se Br. at 17. These arguments are without support from the record and are not factually inconsistent with the Government's account of Mr. Creighton's conduct. On review of the record and

13

the entire evidence, this court is not left with a definite and firm conviction that the district court made a mistake.

In whole, Mr. Creighton's disagreement with how the district court weighed the § 3553(a) factors is not sufficient to establish an abuse of discretion or to supply grounds for reversal. The district court concluded that Mr. Creighton's criminal history, the nature and circumstances of his offense, his conduct during trial, and his prison infractions outweighed those factors militating in favor of sentence reduction. On our independent review of the record, we conclude the district court's analysis and weighing of the § 3553(a) factors was within "the bounds of permissible choice" given the facts and circumstances of the case. *Chavez-Meza*, 854 F.3d at 659; *see also United States v. Williams*, 848 F. App'x 810, 813 ("[I]t is not our place to reweigh the factors and come to a different conclusion than the district court[.]"). Thus, the district court's decision would stand on its conclusion that "the § 3553(a) factors [] counsel against any [] reduction[,]" even if Mr. Creighton demonstrated he had indeed exhausted his administrative remedies and that extraordinary and compelling reasons justified sentence reduction. ROA Vol. I at 108.

## IV.   CONCLUSION

Mr. Creighton lacks any non-frivolous grounds for reversal. We therefore

**GRANT** counsel's request to withdraw, and we **DISMISS** the appeal.

ENTERED FOR THE COURT


Carolyn B. McHugh
Circuit Judge